NANCY SYLVIA *v.* WESTPORT BANK AND TRUST COMPANY
(5639)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

Argued February 9—decision released June 7, 1988

*Laurie B. Perzley,* with whom was *Richard J. Diviney,* for the appellant (defendant).

*Ralph C. Crozier* filed a brief for the appellee (plaintiff).

STOUGHTON, J. This is an appeal by the defendant from a judgment rendered pursuant to General Statutes § 52-381 on a scire facias action against the defendant as garnishee and in favor of the plaintiff.

The plaintiff had commenced a civil action against her former husband, William Sylvia, for arrearages in support payments. In connection with this suit, the plaintiff also filed an application for prejudgment remedy under General Statutes §§ 52-278c and 52-329 seeking to garnish an inheritance from the estate of her former husband's deceased grandmother. The defendant, Westport Bank and Trust Company, was the administrator of the estate.

On June 22, 1984, copies of the plaintiff's prejudgment remedy application, unsigned writ, summons and complaint, order of notice of hearing and proposed garnishment order were served upon James L. Bradley, the defendant's assistant treasurer and the manager of its main office. The order of notice of hearing contained a temporary restraining order enjoining the bank "from transferring . . . the property described in said application *until said hearing and further order of this court."* (Emphasis added.) It also directed that notice be given to "the garnishee, Westport Bank & Trust Company, Trust Department 5177, Westport, Connecticut, by some proper officer on or before 7-11-81 . . . ." Bradley was manager of the defendant's main office, but was in no way connected with the trust

department. It is undisputed that no hearing was ever conducted and that the garnishment order which accompanied the plaintiff's prejudgment application was never signed by the court. No other action was taken by the court on the prejudgment remedy application.

On September 6, 1985, the estate administered by the defendant was fully and finally settled by the distribution of $40,020.49 to William Sylvia's attorney. On June 6, 1986, the plaintiff obtained a judgment against her former husband in her civil action. An execution of this judgment against William Sylvia and the defendant, as garnishee of funds of the estate, was issued on July 2, 1986, and was returned unsatisfied. Thereafter, the present scire facias proceeding was commenced. The defendant appeals from the judgment for the plaintiff in that proceeding, and maintains that the court erred in holding the defendant liable as garnishee pursuant to General Statutes § 52-381. We agree.

General Statutes § 52-278a (d) defines a prejudgment remedy as "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of . . . his property prior to final judgment *but shall not include a temporary restraining order."* (Emphasis added.) Any liability the defendant had to the plaintiff in a scire facias action is controlled by General Statutes § 52-381. This statute provides that "[i]f judgment is rendered in favor of the plaintiff in any action by *foreign attachment,* all the effects in the hands of the *garnishee* at the time of the *attachment* . . . shall be liable for the payment of such judgment." The statute presumes a garnishment is effected. Thus, only if the defendant were properly garnisheed would it be liable under that statute. "No prejudgment remedy is available to a person in

any action unless that person has complied with the provisions of General Statutes §§ 52-278a through 52-278g . . ." *Essex Group, Inc.* v. *Ducci Electric Co.,* 181 Conn. 524, 525, 436 A.2d 16 (1980).

The sole issue becomes whether the temporary restraining order, if we assume that it was properly served upon the defendant, had the effect of creating liability as garnishee on the defendant's part pursuant to General Statutes § 52-381. We hold that it did not. A temporary restraining order is a mechanism by which the status quo is maintained between the time an application for prejudgment remedy is filed and the time set for a hearing on that motion. It is expressly excluded by statute from the definition of a prejudgment remedy. General Statutes § 52-278a (d). *Fermont Division* v. *Smith,* 178 Conn. 393, 398, 423 A.2d 80 (1979). The plaintiff urges that since the temporary restraining order was never dissolved, it prevented the bank from legally transferring the funds. To affirm the judgment on this ground, however, would be to give a temporary restraining order the status of prejudgment remedy. This we will not do.

There is error, the judgment is set aside and the case is remanded with direction that judgment be rendered for the defendant.

In this opinion the other judges concurred.