[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS
The plaintiff appeals from an adverse decision of the defendant Department of Income Maintenance (DIM), which was mailed to the plaintiff on March 31, 1992. The plaintiff's attorney caused timely service upon all necessary parties and sent the appeal to the Clerk of the Superior Court by certified mail. It was received on May 14, 1992, but as no entry fee was enclosed, the clerk returned the appeal to the plaintiff's attorneys by mail on May 18, 1992. Thereafter, plaintiff's attorneys filed the appeal with the proper entry fee on May 19, 1992. The defendants DIM and Town of East Lyme now move to dismiss the appeal for lack of subject matter jurisdiction, claiming that the appeal was not filed within forty-five days from the date the decision was mailed, as required by General Statutes Section 4-183(c).
General Statutes Section 4-183(c) provides in pertinent part: "Within forty-five days after mailing of the final decision, under section 4-180. . .a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or CT Page 9674 at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court. . . ."
Our Supreme Court has repeatedly held that appeals from administrative officers or boards exist only under statutory authority. Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356 (1986); Farricielli v. Personnel Appeal Board, 186 Conn. 198, 201
(1982); East Side Civic Assn. v. Planning Zoning Commission, 161 Conn. 558, 560 (1971). The right to appeal, being purely statutory, will be accorded only if the conditions fixed by the statute are met. Fidelity Trust, Co. v. Lamb, 164 Conn. 126, 134 (1972). The time limitations in section 4-183, under which the plaintiff has appealed, are not merely procedural limitations but are essential parts of the remedy and are mandatory. Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, supra; Royce, v. Freedom of Information Commission, 177 Conn. 584, 587
(1979); Norwich Land Co. v. Public, Utilities Commission,170 Conn. 1, 6 (1975). Provisions in statutes fixing a time within which to take an appeal are designed, in the public interest, to secure a speedy determination of the issue involved. The provisions are jurisdictional in nature and, if not complied with, render the appeal subject to dismissal. Basilicato v. Department of Public Utility Control, 197 Conn. 320,324 (1985); Royce v. Freedom of Information Commission, supra, 587.
See, for example, Royce v. Freedom of Information Commission, supra, (service made one day late); Hanson v. Dept. of Income Maintenance, 10 Conn. App. 14 (1987) (where the last day for appeal fell on a Sunday, service on the following day); and Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643 (1985) (to the same effect); several in a long line of cases, where our Appellate Courts have, without exception, required strict compliance with statutory provisions governing administrative appeals, and held that noncompliance deprived the court of subject matter jurisdiction to hear the appeal.
In cases involving administrative appeals, even where appellants may have been misled by actions or inactions of the Superior Court Clerk's Office, our Supreme Court did not deviate from this established principle of strict compliance. See, for example, Tarnopol v. Connecticut Siting CT Page 9675 Council, 212 Conn. 157 (1989) (plaintiff provided order of notice from clerk for service upon parties or their attorneys); and Basilicato v. Department of Public Utility Control, 197 Conn. 320 (1985) (pro se plaintiff sought clerk's assistance and made defective service of process without citation).
Although it may have been possible for the Superior Court clerk, upon discovering that the plaintiff's appeal was not accompanied by the required entry fee, to telephone plaintiff's counsel and alert him to the deficiency, the clerk obviously had no duty to do so. Nor, could he have been expected to promptly telephone an attorney who mails an appeal or complaint to the clerk's office for filing without the required entry fee, when the courts and their staffs are heavily burdened with their ordinary duties. Even if the clerk's actions in returning the appeal to the plaintiff's attorney by mail could be considered as misguiding him or luring him into a false sense of security, this does not help the plaintiff.
"While [a] trial court can show some degree of leniency toward a party when there is evidence that it was misguided by court personnel, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance." Tarnopol v. Connecticut Siting Council, supra, 165; Basilicato v. Department of Utility Control, supra.
The plaintiff relies on Plasil v. Tableman,223 Conn. 68 (1992), for the proposition that the failure to pay the entry fee required by General Statutes Section 52-259(a) does not divest the court of subject matter jurisdiction. Plasil is inapposite for at least two reasons: First, the court clerk accepted a second, corrected summons and complaint, and did not refuse to accept the papers or return them. Second, the case involved a partnership dispute, not an administrative appeal. And, in Plasil the court there said, "Our precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction. . . ." Id., at 78. (emphasis provided).
The initial arrival of the appeal unaccompanied by CT Page 9676 the required entry fee did not constitute a filing. Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517
(1985). The appeal later filed on May 19, 1992 with the required entry fee was not within the forty-five days mandated by General Statutes Section 4-183(c), and therefore is untimely. The words "strict compliance" mean strict compliance, and the plaintiff's untimely filing of its appeal did not strictly comply with the statute and thus deprived this court of subject matter jurisdiction.
The defendants' motions to dismiss must be and are granted, and the plaintiff's appeal is dismissed.
Teller, J.