WILLIAM BEAZLEY COMPANY *v.* BUSINESS PARK
ASSOCIATES, INC.
(11968)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued January 12—decision released June 3, 1994

*John S. Bennet,* for the appellant (defendant).

*Narcy Z. Dubicki,* for the appellee (plaintiff).

O'CONNELL, J. This is the defendant's appeal from the granting of a prejudgment real estate attachment (PJR). The defendant claims that the trial court (1) improperly based its granting of the PJR on a defective real estate listing, and (2) improperly relied on the decision of another judge on a motion to strike. Additionally, the defendant claims that there was no violation of the Connecticut Unfair Trade Practices Act.[1] General Statutes § 42-110a et seq. We reverse the judgment of the trial court.

The plaintiff real estate broker claimed to have a cause of action against the defendant for a commission based on a certain listing agreement. On August 12, 1992, the plaintiff filed an application for a PJR accompanied by the requisite proposed unsigned writ, summons and complaint, a supporting affidavit, and an order and summons. See General Statutes § 52-278c. The clerk of the Superior Court for the judicial dis-

---

[1] As a result of the granting of a motion for summary judgment, this claim is no longer before this court. The record is not clear as to the procedural mechanism by which this was accomplished.

trict of New London assigned the PJR application for a hearing to be held on September 14, 1992. General Statutes § 52-278c (c).[2]

On September 14, 1992, however, no hearing on the PJR application took place because the defendant had filed a motion to strike the complaint on the ground that it failed to state a legally sufficient cause of action. By agreement of the parties, the trial court, *Teller, J.,* heard argument on the motion to strike and denied it in a written memorandum of decision filed November 6, 1992.

On December 7, 1992, a hearing on the PJR application finally took place before the trial court, *Hurley, J.* Judge Hurley took the position that the denial of the motion to strike constituted the law of the case and that he had no authority to make an independent determination of probable cause. Judge Hurley then granted the PJR application. On appeal, the defendant argues, inter alia, that Judge Teller's ruling on the motion to strike did not bar Judge Hurley from making an independent probable cause determination. We agree.

"The right to attach property on mesne process is created and regulated by statute." *Harris* v. *Barone,* 147 Conn. 233, 234, 158 A.2d 855 (1960). Since 1973, the authority for pretrial property attachment has been spelled out in General Statutes §§ 52-278a through 52-278n. Because the plaintiff's right to a PJR is founded and regulated by statute, the law mandates strict compliance with the authorizing statute. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.,* 172 Conn. 577, 582–83, 376 A.2d 60 (1977). In addition to this fundamental tenet of statutory law, General Stat-

---

[2] General Statutes § 52-278c (c) provides in pertinent part: "The clerk upon receipt of all such documents in duplicate, if he finds them to be in proper form, shall fix a date for the hearing on the application and sign the order of hearing and notice . . . ."

utes § 52-278b expressly enunciates that "no prejudgment remedy shall be available to a person in any action at law or equity . . . unless he has complied with the provisions of sections 52-278a to 52-278g . . . ." In establishing the procedure for a hearing on a PJR application, § 52-278d (a) unequivocally states that *"[t]he hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim."* (Emphasis added.) No provision is made in this statute for a motion to strike the proposed unsigned complaint. This is logical because the proposed unsigned complaint is not yet "in court"[3] until the court, pursuant to § 52-278d (a), grants the application[4] and until, pursuant to subsection (b), proper service of the writ, summons and complaint is made.[5]

In its brief, the defendant explains that "[i]t was the agreement of the parties and order of the court that a hearing on the Motion to Strike would be had, and a decision rendered thereon, rather than take the court's time with a hearing on the Application for Prejudgment Remedy. Granting of that motion would have made other proceedings unnecessary."[6] Although the intent of the parties to conserve judicial resources is laudable, we cannot give effect to this intent because the court had jurisdiction to make a probable cause

---

[3] General Statutes § 52-278h, which provides for an application for a PJR in an action already pending, is not relevant to this case.

[4] General Statutes § 52-278d (a) provides in pertinent part: "If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted . . . ."

[5] General Statutes § 52-278d (b) provides in pertinent part: "The clerk, upon the granting of the application for prejudgment remedy, shall deliver to the applicant's attorney the proposed writ, summons and complaint for service of process. . . ."

[6] Although action induced by an appellant cannot ordinarily be grounds for relief on appeal; *State* v. *Scognamiglio,* 202 Conn. 18, 25, 519 A.2d 607 (1987); we cannot apply that rule when the result is action de hors the court's jurisdiction.

determination only, nothing more. The parties cannot confer jurisdiction on the court by agreement. *Castro* v. *Viera,* 207 Conn. 420, 429–30, 541 A.2d 1216 (1988).

A logical question arises. Is there any reason why Judge Hurley could not refer to Judge Teller's memorandum[7] and rely on it to make a probable cause determination? There are several obstacles to such procedure. First: For purposes of a motion to strike, all well pleaded allegations are taken as true and no evidence is received. *Kilbride* v. *Dushkin Publishing Group, Inc.,* 186 Conn. 718, 719, 443 A.2d 922 (1982). In a PJR hearing, on the other hand, nothing is taken as true and the court is charged with making its determination from the often bitterly contested testimony and other evidence submitted by both parties. *William M. Raveis & Associates, Inc.* v. *Kimball,* 186 Conn. 329, 333, 441 A.2d 200 (1982).

Second: The PJR probable cause review is extremely limited. "It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . ." (Internal quotation marks omitted.) *Fischel* v. *TKPK, Ltd.,* 34 Conn. App. 22, 24, 640 A.2d 125 (1994).

This limited evidentiary standard contrasts sharply with the detailed and substantive arguments and conclusions necessary in a motion to strike. *S.M.S. Textile Mills, Inc.* v. *Brown, Jacobson, Tillinghast, Lahan & King, P.C.,* 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993) (in challenging legal sufficiency of pleading, trial court

---

[7] We express no opinion on the legal correctness of Judge Teller's decision.

determines whether all well pleaded facts, construed in manner most favorable to plaintiff, supports legally recognizable claim). This more exhaustive inquiry is necessary because the end result of granting a motion to strike may be a judgment for the defendant. Practice Book § 157.[8]

Third: It confuses the requirements for issuing a PJR with the underlying merits of the case. "The adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action. It is independent of and collateral thereto and primarily designed to forestall any dissipation of assets by the defendant . . . . [P]rejudgment remedy proceedings . . . are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of that adjudication." *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 628–29, 356 A.2d 893 (1975).

The decision on the motion to strike the underlying complaint was irrelevant to the PJR proceeding and, as far as that proceeding is concerned, was a nullity. The judge at the PJR hearing was charged with making a probable cause determination. He has not done so. The PJR order was issued without a probable cause determination and must be vacated and a proper hearing must be held.

In view of the foregoing disposition, we do not reach the defendant's other claims.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion LAVERY, J., concurred.

---

[8] This assumes that the entire complaint has been stricken and the plaintiff has elected not to file a substitute complaint.

DUPONT, C. J., concurring. The trial court never found probable cause for the issuance of a prejudgment remedy, stating only that the denial of the motion to strike was dispositive of the case, and that, therefore, the remedy should be granted in the amount agreed upon by the parties. I agree, therefore, that the case should be remanded for a probable cause hearing so that the relevant finding may be made. I do not agree, however, that a probable cause hearing can be conducted without a preliminary conclusion that the plaintiff has a cause of action. Any conclusion that the evidence at a prejudgment hearing supports a probability of success on the merits, which would allow a prejudgment remedy to be ordered, must be based on a finding, express or implied, that there *is* a cause of action.

The determination of probable cause includes an assessment of the legal issues, and must include a weighing of the probability of success based on whether the facts tend to prove the elements of the cause of action alleged. *Solomon* v. *Aberman,* 196 Conn. 359, 364–65, 493 A.2d 193 (1985). To the extent that the majority implies that a probable cause hearing need not first consider whether a cause of action exists, I respectfully disagree.