NORTHERN TANKERS (CYPRUS) LTD., Plaintiff,

v.

Adam BACKSTROM, et al., Defendants.

No. 3:95 CV 1217 (GLG).

United States District Court, D. Connecticut.

Sept. 14, 1995.

John D. Kimball, Healy & Baillie, New York City, Frederick A. Lovejoy, Norwalk, CT, John W. Wall, Scarsdale, NY, for Northern Tankers (Cyprus) Ltd.

William C. Longa, Zeldes, Needle & Cooper, Bridgeport, CT, Robert F. Wise, Jr.,

Steven J. Kloepfer, Davis, Polk & Wardwell, New York City, for Backstrom, Lindholm, Starlux Corp., Atlantic Brands Corp., Eastgate Shipping Corp., Lexmar Espana, S.A., E–B Shipping Corp., Greater Southampton Enterprises, Ltd., Lexmar Norge A/S, Lexington Const. Corp., Lexington Hotel Corp., Eagles Management, Inc., Eagle–Hus Intern., Inc., Lexington Bldg. Systems, Inc., 820 Riverside Drive Corp., Lexmar Corp., 145 East 32nd St. Realty Corp., 126 Greenwich Ave., Inc., Harbor Hospitality Corp., Valhalla Swedish Assoc., Old Road Development Co., Intermobil Realty & Development Corp., Crown Estates, Inc., Smokey Hill Farm, Inc., Robin Hill Farm, Inc., Piney Valley Ranches Trust, EMD Ltd. Liability Co., Star Creek Ltd. Liability Co., Naranjo Shipping Co., Nogal Shipping Co., Eagle Mountain Development, Inc., Almendro Shipping Co., Magnolio Shipping Corp.

Robert F. Wise, Jr., Steven J. Kloepfer, Davis, Polk & Wardwell, New York City, for Lexmar Corporation (Liberia), Erwin Shipping, S.A., Lemar Shipping (U.K.) Ltd., Lexington Development Group, Inc., Pullman Shipping Co., Ltd., Gunvor Shipping Corp., Lux Challenger Shipping Corp., Star Chart Shipping Corp., Mid–Atlantic Transp. Corp., Lux Rig Co., Lemar France, S.A., Sea Traveler II Corp., Luxmar Do Brasil, Cohort Trust, Baseboard, S.A.

Steven J. Kloepfer, Davis, Polk & Wardwell, New York City, for Lexmar Corporation (Connecticut).

Caitlin E. Borgmann, Davis, Polk & Wardwell, New York City, for all defendants.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff brings this action seeking to hold forty-nine individuals and corporations jointly and severally liable for an arbitration award of approximately $11 million. Plaintiff now moves for a prejudgment order attaching certain real property held by Defendants 126 Greenwich Avenue, Inc., Robin Hill Farm Inc., Intermobil Realty & Development Corp., Smokey Hill Farm Inc., and Lexington Hotel Corp. (collectively referred to as "Connecticut Property Defendants")[1] and for an order collaterally estopping these same Defendants from denying their alter ego status in this case. Defendants Piney Valley Ranches Trust, Stark Creek Limited Liability Company, Eagle Mountain Development Inc., EMD Limited Liability Company, Atlantic Brands Corp., Starlux Corp., Eastgate Shipping Corp., Lexmar Espana, S.A., E–B Shipping Corp., Greater Southampton Enterprises, Ltd., Lexmar Norge A/S, Lexmar Corp. (Delaware), Almendro Shipping Co., Magnolio Shipping Corp., Naranjo Shipping Co., and Nogal Shipping Co. (collectively referred to as "Moving Defendants") move to dismiss the complaint for lack of personal jurisdiction and insufficiency of service pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5), and for a stay of discovery pending our decision on their motion to dismiss. For the reasons stated below, Plaintiff's application for pre-judgment remedy (Docket # 14) is granted in part and decision is reserved in part; Plaintiff's collateral estoppel motion (Docket # 28) is moot; Defendants' motion to dismiss (Docket # 21) is denied in part and decision is reserved in part pending further discovery; and Defendants' motion to stay discovery (Docket # 24) is moot.

## BACKGROUND

In 1990 Plaintiff allegedly entered into a charter party with Defendant Lexmar Corporation (Liberia) (herein referred to as "Lexmar Liberia") under which Plaintiff chartered the vessel T/T INDEPENDENCE for five years. Defendant Lexmar Liberia disputed the existence of the charter party, and the matter was submitted for arbitration in New York. In a Partial Final Award dated March 7, 1994 and a Final Award dated April 7, 1995 a three-member arbitration panel unanimously found that a charter party existed and that such agreement was breached by

---

1. The Defendants in this case can be grouped into three general categories at this point: 1) the nineteen Answering Defendants who have answered the complaint, 2) the fifteen Moving Defendants who have moved to dismiss for lack of personal jurisdiction, and 3) the fifteen Defaulting Defendants who have not yet appeared. The Connecticut Property Defendants are a subset of the Answering Defendants.

Lexmar Liberia. The panel awarded Plaintiff damages of $11,172,873.42. Plaintiff's motion to confirm the arbitration award is currently pending before the United States District Court for the Southern District of New York (Sprizzo, J.).

On June 21, 1995 Plaintiff commenced this action against Lexmar Liberia and forty-eight other defendants, alleging that the other defendants are all alter-egos of Lexmar Liberia and are thus liable for Lexmar Liberia's obligations. The complaint states two causes of action: 1) liability for Lexmar Liberia's obligations based on piercing the corporate veil, and 2) breach of the duty of good faith and fair dealing imposed under Connecticut law. Plaintiff simultaneously filed an application for pre-judgment remedy seeking to attach certain properties belonging to the Connecticut Property Defendants. The affected parties subsequently reached an agreement freezing the status of those properties pending our decision regarding attachment.

## DISCUSSION

1. *Pre–Judgment Remedy and Collateral Estoppel*

■ Plaintiff seeks to attach five real properties located in Greenwich, Connecticut that are purportedly owned by the Connecticut Property Defendants. Under Connecticut law we can order attachment of property if we find "probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff." Conn.Gen. Stat. § 52–278d(a)(1). With regard to the probable cause standard, the Connecticut Supreme Court has stated that:

The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstance, in entertaining it.... The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.

The court's role in such a [probable cause] hearing is to determine probable success by weighing probabilities.

*New England Land Co. v. DeMarkey*, 213 Conn. 612, 620, 569 A.2d 1098 (1990) (internal quotations and citations omitted). For purposes of this application we do not take Plaintiff's allegations as true, but rather we must consider all the evidence submitted by the parties. *William Beazley Co. v. Business Park Assocs., Inc.*, 34 Conn.App. 801, 643 A.2d 1298, 1300 (1994).

■ We will first consider Plaintiff's cause of action to pierce the corporate veil. Plaintiff argues that the Connecticut Property Defendants should be collaterally estopped from arguing that they are not alter egos of each other for purposes of our decision on this application. For collateral estoppel to apply: 1) the issues must be identical, 2) the issue must have been actually litigated and actually decided in the prior proceeding, 3) there must have been a full and fair opportunity to litigate the issue, and 4) the issue must have been necessary to support a valid and final judgment on the merits. *Gelb v. Royal Globe Insurance Co.*, 798 F.2d 38, 44 (2d Cir.1986), *cert. denied*, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987). This doctrine has been developed to meet the need for judicial efficiency, recognizing that such a rule elevates the values of uniformity and repose above correctness. *Id.*

In 1991, United States Magistrate Judge Smith addressed the issue of the alter ego status of the Connecticut Property Defendants in the case *Bergesen A/S v. Lindholm*, 760 F.Supp. 976 (D.Conn.1991). As here, *Bergesen* involved an application for a prejudgment remedy of attachment of real property owned by, *inter alia*, the Connecticut Property Defendants. The parties consented to a decision by the Magistrate Judge, reserving their right to appeal to the referring District Judge. After a three-day hearing, the court found probable cause and granted the application for attachment.

A key issue addressed by the court was the alleged alter ego status of the Defendants. Applying federal common law while considering relevant and persuasive state law

on the alter ego issue, the court found that the evidence presented pointed "to complete control of all of the corporate Defendants by Magnus Lindholm and Adam Backstrom." *Id.* at 988. Among other things, the court found overlapping ownership of the defendants, common officers and directors, and operations out of a single location on an informal basis. The court also found "loan" agreements that were unduly favorable to dominant corporate borrowers, such as unsecured inter-company loans where no interest was actually paid by the borrower. In concluding that there was ample probable cause to believe that the plaintiff would prevail on the issue of alter ego status, the court noted that "Lexmar Liberia appears to have been kept financially subservient; its parent is merely a holding company; and its interests appear to have been subordinated to those of other corporate defendants through decision-making which seems neither independent, nor in the subsidiary's best interests." *Id.*

■ Defendants argue that they should not be estopped because the Connecticut prejudgment remedy statute has been amended since *Bergesen* was written in 1991, and because they have affirmative defenses not present in *Bergesen.* This argument misconstrues the issue presented. Plaintiff seeks estoppel on the narrow issue of alter ego status, not the larger issue of whether Plaintiff has met the standard for issuance for an attachment. Affirmative defenses, while relevant to the issuance of an attachment, have no significance with regard to the issue of alter ego status.

The *Bergeson* decision squarely considered the alleged alter ego status of the Connecticut Property Defendants. We face precisely the same issue. The issue was actually litigated and actually decided, and Magistrate Judge Smith's three day hearing clearly afforded a full and fair opportunity for litigation. Defendants argue that *Bergesen* should not be given preclusive effect because the issue litigated was not necessary to support a valid and final judgment on the merits. According to Defendant, the provisional nature of the remedy sought in *Bergesen,* which is the same remedy sought here, precludes

application of the doctrine of collateral estoppel.

■ While we believe that the decision in the *Bergesen* case was sufficiently final, since it set forth a final resolution of the issue, it is not necessary for us to decide the collateral estoppel question here. Considering the *Bergesen* decision only for its evidentiary value, and taking it together with Plaintiff's other submissions, the evidence is sufficient to establish probable cause that the Connecticut Property Defendants were alter egos for purposes of this application.

■ In order to grant the application we must also find probable cause that Plaintiff has a valid claim for breach of contract against Lexmar Liberia. Plaintiff has obtained arbitration awards finding the existence of a valid charter party and breach of that agreement by Lexmar Liberia. The arbitration was heard by a three-person panel and the awards were unanimous. Although the awards have not yet been confirmed by the district court, the arbitrators' decision is sufficient for us to find probable cause that a contract existed and that the contract was breached by Lexmar Liberia. Since we have already found that there is probable cause that the Connecticut Property Defendants were alter egos of Lexmar Liberia for purposes of this application, we have now found probable cause to believe that Plaintiff will prevail on its first cause of action.

The Connecticut Property Defendants argue that they have interposed several affirmative defenses that will defeat this claim in whole or in part. These defenses, however, relate to Plaintiff's second cause of action and do nothing to counter our finding of probable cause that Plaintiff will prevail on its first cause of action. Finally, there is no need to consider the second cause of action, since we have granted the application based on the first cause of action.

Having found probable cause to grant the application, the only remaining issue is that of ownership of the properties sought to be attached.[2] At oral argument, counsel for the

2. Plaintiff has submitted proof that, because of

existing mortgages, the five properties in ques-

Connecticut Property Defendants stated that two of the five properties were not under the control of those Defendants. Specifically, the property at 126 Greenwich Avenue is alleged to be controlled by Defendant Lindholm's wife, and the Intermobil Realty and Development property is alleged to be controlled by a third party who was a creditor of Defendant Backstrom. Counsel did not contest ownership of the other three properties.

■ Accordingly, Plaintiff's application for an order of attachment is granted as to the properties held by Smokey Hill Farm, Inc. (25 Buckfield Lane, Greenwich, CT), Lexington Hotel Corp. (Steamboat Road, Greenwich, CT), and Robin Hill Farm, Inc. (7 Buckfield Lane, Greenwich, CT). We will, however, reconsider this decision on motion of the Connecticut Property Defendants if the arbitration awards are not ultimately confirmed by the district court. Decision is reserved as to 126 Greenwich Avenue and the Intermobil Realty and Development property. The "stand-still" agreement entered by the parties remains in effect as to these two properties. The parties are directed to conduct discovery and make further submissions regarding ownership of these two properties no later than November 15, 1995.

### 2. Moving Defendants' Motion to Dismiss

■ The Moving Defendants move to dismiss for lack of personal jurisdiction and insufficient service of process. To survive this motion to dismiss, Plaintiff must make a prima facie showing of jurisdiction through its own affidavits and supporting materials. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). While Plaintiff must eventually establish jurisdiction by a preponderance of the evidence, at this point in the proceedings a prima facie showing is sufficient notwithstanding any controverting submissions by the moving party. *Id.*

The parties have advanced completely different approaches to the jurisdictional question. The Moving Defendants argue that the Connecticut long-arm statute, Conn.Gen.Stat.

§ 33–411(c), controls our determination and that they have insufficient contacts with the forum to create jurisdiction. Plaintiff argues that the long-arm statute is irrelevant here because this is an alter ego case. These two approaches, however, are not in conflict.

■ Here, Defendants Backstrom, Lindholm, and several corporate entities have answered and have not contested jurisdiction. Plaintiff alleges that the Moving Defendants are all alter egos of those Answering Defendants. Since an alter ego is considered to be an indistinguishable entity, jurisdiction over the Answering Defendants establishes jurisdiction over their alter egos. *See Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 405 (7th Cir.1986); *In re Ocean Ranger Sinking Off Newfoundland,* 589 F.Supp. 302, 310–12 (E.D.La.1984); *ACS Industries Inc. v. Keller Industries, Inc.,* 296 F.Supp. 1160, 1161–63 (D.Conn.1969). The long-arm statute would not be reached because alter egos would be deemed present in the jurisdiction by the presence of the Answering Defendants. We must consider the jurisdictional question with regard to each Defendant independently. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473, 1481 n. 13, 79 L.Ed.2d 790 (1984).

Thus, to establish jurisdiction over the Moving Defendants at this point in the proceedings, Plaintiff must make a prima facie case that each Moving Defendant is the alter ego of at least one of the Answering Defendants. *See Pitney Bowes Inc. v. Executive Credit Corp.,* 1991 WL 47328, 1991 U.S.Dist. LEXIS 3921, No. B089–443 (D.Conn. March 18, 1991); *ACS Industries,* 296 F.Supp. at 1162. Although each defendant must be assessed individually, for convenience of analysis we will consider them in two distinct groups.

### The Bergesen Case Defendants

Moving Defendants Atlantic Brands Corp., Starlux Corp., Eastgate Shipping Corp., Lexmar Espana, S.A., E–B Shipping Corp., Greater Southampton Enterprises Ltd., Lexmar Norge A/S, and Lexmar Corp. (Dela-

---

tion have an equity value far less than the amount of the arbitration award. If a substantial number of the mortgages have been discharged,

so that the attachment is excessive, defendants may make a motion to release part of the attachment.

ware) (collectively referred to as the *"Bergesen* Case Defendants") were all parties to the *Bergesen* case discussed above. To establish a prima facie case that these Defendants are alter egos of Appearing Defendants, Plaintiff argues that the *Bergesen* Case Defendants are collaterally estopped from denying their alter ego status.

 Collateral estoppel is unnecessary here. Considering the court's findings in *Bergesen* together with the materials submitted by Plaintiff in support of this motion, Plaintiff has established a prima facie case that the *Bergesen* Case Defendants are alter egos of Backstrom and Lindholm.

Defendant's motion to dismiss is denied with respect to the *Bergesen* Case Defendants.

*Remaining Non–Resident Defendants*

Defendants The Piney Valley Ranches Trust, EMD Limited Liability Co., Eagle Mountain Development Inc., Almendro Shipping Co., Magnolio Shipping Corp., Naranjo Shipping Corp., and Nogal Shipping Co. are all corporations which Plaintiff alleges are under the control of Defendants Backstrom and Lindholm. The first three (collectively referred to as the "Western Land Defendants") are real estate corporations that are allegedly controlled by Magnus Lindholm. The four shipping companies (collectively referred to as the "Shipping Companies") are alleged to be subsidiaries of Lexmar Espana, S.A. which is one of the *Bergesen* Case Defendants.

 Plaintiff has little evidence to support its allegations that these remaining Defendants are alter egos. The only evidence offered to show that the Western Land Defendants are alter egos is that these companies made significant land purchases in Colorado at the same time that unsecured loans from Bergesen Defendant Starlux Corp. and its subsidiaries increased dramatically. As to the Shipping Companies, Plaintiff can only point to their status as subsidiaries of one of the *Bergesen* Case Defendants that was found to be an alter ego.

Such limited circumstantial evidence is insufficient to establish a prima facie case that the remaining Non–Resident Defendants are alter egos. However, taken in light of the evidence relating to the status of other entities controlled by Backstrom and Lindholm, it is sufficient to convince us that we should postpone our decision regarding the remaining Non–Resident Defendants to allow Plaintiff to undertake discovery on the alter ego issue. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (1990).

Defendants' motion to dismiss is denied with respect to the *Bergesen* Case Defendants. With regard to the remaining Non–Resident Defendants, our final decision is held in abeyance pending discovery on the issue of the alter ego status of those Defendants. Such discovery shall be completed no later than November 15, 1995. Plaintiff shall make additional submissions in support of jurisdiction no later than December 1, 1995, and the affected Defendants shall reply within twenty-one days of Plaintiff's submission.

3. *Motion to Stay Discovery*

Defendants' motion to stay discovery pending our decision on their motion to dismiss is moot.

SO ORDERED.