[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Michael J. McLaughlin and Carolyn McLaughlin (the McLaughlins) commenced this action against the four defendants, Timothy Grimes, David Robinson, Roger Quint, Jr. and O'Brien, Russo and Quint. Thereafter, Grimes and Robinson filed a cross-claim against defendant O'Brien, Russo and Quint Agency, Inc. (the Agency) for indemnification. The allegations of the cross-claim are as follows. On June 26, 1991, Quint solicited and secured an application for the purchase of insurance, including family hospital and medical coverage, from the McLaughlins. Quint thereafter submitted the application to Grimes who, in turn submitted the application to the Durham Life Insurance Company (Durham). Quint had met with Michael McLaughlin to help him fill out the application. Quint then asked McLaughlin to sign the form in both his and his wife's names. On July 12, 1991, Durham issued an insurance policy to the McLaughlins.
In their complaint, the McLaughlins alleged that Carolyn McLaughlin was first diagnosed as suffering from cervical cancer on August 12, 1992. As a result of the treatment for the cancer, the McLaughlins have incurred expenses, which pursuant to the insurance policy, are the responsibility of Durham. On January 8, 1992, Durham sent a letter to the McLaughlins, rescinding the policy and attempting to return the premium's paid. As a result of the loss of health insurance coverage, the plaintiffs became personally obligated for payment of the CT Page 12499-KK expenses for McLaughlin's hospital and medical care and, therefore, have sustained financial losses.
The McLaughlins allege that each defendant was negligent, reckless, caused negligent infliction of emotional distress, and was in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The crux of the allegations are that the defendants failed to secure medical insurance coverage as they had promised, and the McLaughlins became responsible for payment of hospital and medical expenses for Carolyn McLaughlin's hospital and medical care.
The present cross-claim is in two counts, one directed toward Quint, and the second toward O'Brien. Against Quint, Grimes and Robinson allege that an "independent contractual relationship" existed between themselves and Quint and O'Brien. Grimes and Robinson also allege that if the McLaughlins have sustained damages as alleged in the complaint, the damages are a direct result of the negligence of Quint and O'Brien in taking and completing the application for the McLaughlin's medical insurance. Grimes and Robinson further allege that Quint and O'Brien were in exclusive control of the taking and completion of the McLaughlin's application for insurance and that they had no knowledge of their negligent conduct. Finally, Grimes and Robinson allege that the plaintiff's damages are not the result of their own error, omission or negligence. Against O'Brien, Grimes and Robinson allege that Quint was acting within the scope of his employment and that O'Brien is responsible for its employee's negligence. In their prayer for relief, Grimes and Robinson seek indemnification of any judgment that may be rendered against them.
Quint and O'Brien have moved to strike the cross-claim because Grimes and Robinson have not properly plead a cause of action for indemnification.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "For the purposes of a motion to strike, all well pleaded allegations are taken as true and no evidence is received." William Beazley Co. v. Business Park Associates,Inc., 34 Conn. App. 801, 805, 643 A.2d 1298 (1994); Kilbride v.Dushkin Publishing Group, Inc., 186 Conn. 718, 719, 441 A.2d 200
CT Page 12499-LL (1982). The motion to strike admits all facts well pleaded;Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. C.B.S. Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
In ruling on a motion to strike, the court may not look outside the pleadings "and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Brothers Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Id., 348.
In essence, Quint and O'Brien argue that a proper claim of indemnification must include an allegation of exclusive control, and that the substituted cross claim does not allege that Quint was in exclusive control over the procurement of insurance for the Mclaughlins.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). Where a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. Burkert v. Petrol Plus ofNaugatuck, Inc., supra, 216 Conn. 65, 74, 579 A.2d 26 (1990). A plaintiff must plead the following elements in order to successfully plead active/passive indemnification: (1) the other tortfeasor was negligent; (2) the other tortfeasor's negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) the other tortfeasor was in control of the situation to the exclusion of the plaintiff; and (4) the plaintiff did not know of the other tortfeasor's negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. Burkert v. Petrol Plus of Naugatuck Inc., supra,216 Conn. 74. A recent Appellate Court decision, Atkinson v.Berloni, 23 Conn. App. 325, 580 A.2d 84 (1990), required a fifth element to be alleged: "that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Id., 328. CT Page 12499-MM
In the cross claim, Grimes and Robinson have plead all of the elements of an indemnification claim. The cross claim contains an allegation that Quint and O'Brien were in exclusive control of the taking and completion of the McLaughlin's application for medical insurance. This allegation is sufficient to plead the element of exclusive control. Accordingly, the motion to strike is denied.
McDONALD, J.