[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
CT Page 10868
The defendants' motions to dismiss are granted for the following reasons:
(1) The motions to dismiss dated 5/8/97 and thereafter were timely filed.
(2) The summons is insufficient as it does not contain a certificate of financial responsibility as required by C.G.S. § 52-45b. See Howard v. Robertson, 27 Conn. App. 621, 626
(1992).
(3) The actual lawsuit has never really commenced as all that was served was the proposed unsigned writ and allied papers necessary for the prejudgment remedy. Section 52-278d(a) specifically states that a prejudgment remedy application shall be limited to, among other things, a determination of whether there is probable cause. "The proposed unsigned complaint is not yet `in court' until the court, pursuant to § 52-278d(a), grants the application and until, pursuant to subsection (b), proper service of the writ, summons and complaint is made." (footnotes omitted.) William Beazley Co. v Business ParkAssociates, Inc., 34 Conn. App. 801, 804 (1994). This prejudgment remedy application was denied and a signed writ has never been served. See C.G.S. § 52-278d(b). There is an argument that one "Order for Hearing and Notice" refers to the service of a "signed" writ. It has been argued to this court that the original "Order for Hearing and Notice" has been altered by someone striking out the prefix "un" on the word "unsigned" so that it reads "signed". See Exhibit B. The color of the ink changing the word "unsigned" to "signed" is blue, the same color as other markings made on the documents including the deletion of 2 parties (Manuel and Vickey Rivera) as well as the plaintiff's attorney's signature. The color used by Deputy Chief Clerk Linda A. Cohn is black.
There is also, at page 5 of 6 of the documents a "summons" which refers to an "unsigned proposed writ" but also purports to order the defendants to appear and answer the complaint. This is obviously in contradiction to all of the other documents and of course does not follow the statutory form. See C.G.S. §52-278c. Moreover, the "return date" is the same date as the hearing for the prejudgment remedy application. Our statutes do not allow for both. See C.G.S. § 52-278b; c. Every document, CT Page 10869 except the "summons," and every reference, except for the deletion of the prefix "un," are consistent with the prejudgment remedy process. The fact that Attorney Block signed the summons does not change the substance of the forms and make this into a properly signed and served writ, summons and complaint. This court finds that a prejudgment remedy application was initiated, but nothing more.
(4) To the extent the prejudgment remedy application was denied, the matter was not pending and the notice issued by this court dated April 29, 1997 that states otherwise was in error.
Berger, J.