[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant moves to dismiss on the grounds that the plaintiff's PJR application was withdrawn and the plaintiff failed to properly commence a new action by paying a new filing CT Page 212 fee and serving a new writ, summons and complaint.
On November 22, 1996, the plaintiff, MDS Consulting Services, Inc., served the defendant, Douglas P. Tedford, a former employee, with the following documents: "Writ, Summons, and Complaint, Notice of Application for Prejudgment Remedy, Exhibit A, Affidavit PJR, Order for Hearing, Order for PJR, Motion for Disclosure, Order, unsigned proposed Writ, Summons, Complaint, Application for Temporary Injunction, Summons, Order to Show Cause, unsigned Order, unsigned Temporary Injunction . . . ." (Return executed by Deputy Sheriff John J. Sullivan.) The plaintiff's complaint alleged breach of a fiduciary duty (complaint, count I), violation of General Statutes §§ 35-50
et seq., the Connecticut Uniform Trade Secrets Act (complaint, count II), and tortious interference with contractual and business rights (complaint, count III).
On December 9, 1996, the court, Aurigemma, J., granted a temporary injunction ordering the defendant to "refrain from contacting or receiving contact from any current MDS Consulting Services Inc. employee or subcontractor."
On February 24, 1997, the court, Sullivan, J., denied the PJR application.
On July 18, 1997, the defendant moved to dissolve the temporary injunction, because the "plaintiff did not serve its proposed writ, summons and complaint on defendant" after the PJR application was denied. (Motion to Dissolve Temporary Injunction ¶¶ 2 and 3.)
Shortly thereafter, on July 24, plaintiff served she defendant with a one count complaint which was returned to the court on July 30, 1997. (Return executed by Deputy Sheriff J. L. Corbett.)
On August 18, 1997, the court, Aurigemma, J., denied the motion to dissolve the temporary injunction, writing only the "complaint has been served . . . ."
Presently before the court is the defendant's motion to dismiss (107) which was filed on September 17, 1997, with a supporting memorandum. In the memorandum, the defendant contends that the court lacks subject matter jurisdiction over the complaint served on July 24, 1997, "because Plaintiff failed to CT Page 213 effect service and return of process to court within the thirty days required by Conn. Gen. Stats. § 52-278j(b) subsequent to the February 24, 1997 denial of its application for a prejudgment remedy; and . . . failed to pay a new entry fee, and commence a new civil action with a new writ, summons and complaint, as provided for in Conn. Gen. Stats. § 52-278d(b)."
On September 24, 1997, the plaintiff filed a memorandum in "reply" to the defendant's motion to dismiss, contending that the court has subject matter jurisdiction. Subsequently, supplemental memoranda containing substantially similar arguments were submitted by each party.
"Practice Book § 143 governs motions to dismiss. A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts . . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; footnotes omitted; internal quotation marks omitted.) Malasky v. Metal Products Corp., 44 Conn. App. 446,451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539
(1997).
"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case . . . . Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
General Statutes § 52-45a provides: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment . . . . The writ shall be accompanied by the plaintiff's complaint."
"[A]ny person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents . . . ." (Emphasis added.) General Statutes § 52-278c. Nevertheless, "[t]he serving of an unsigned writ, summons and complaint in the commencement of a prejudgment remedy is not tantamount to the service of a writ." (Emphasis added.) CT Page 214Pantani v. Patman, Superior Court, judicial district of Housing Session at New Haven, Docket No. 086443, 13 CONN. L. RPTR. 468 (Jan. 31, 1995), (Jones, J.), citing Howard v. Robertson, 27 Conn. App. 624,625-26, 608 A.2d 713 (1992) (prejudgment remedy documents are not the equivalent of the writ necessary pursuant to General Statutes § 52-45a). Rather, "[i]t is well settled that an action is brought on the date on which the writ is served on a defendant."Howard v. Robertson, supra, 27 Conn. App. 625.
In the present case, the plaintiff attempted to secure a temporary injunction and a prejudgment remedy. General Statutes § 52-278c (c), allows the inclusion of a request for a temporary restraining order along with the PJR application, and the unsigned proposed writ, summons and complaint. By contrast, injunctions are governed by General Statutes § 52-471 et seq. A prerequisite to obtaining injunctive relief is service of asigned writ, summons and complaint pursuant to General Statutes § 52-45a. Moreover, "[n]o temporary injunction may be granted . . . until the party making application therefor givesbond, with surety satisfactory to the court or judge granting the injunction . . . provided a bond need not be required when, for good cause shown, the court or a judge is of the opinion that a temporary injunction ought to issue without bond." (Emphasis added.) General Statutes § 52-472.
For the following reasons, the plaintiff's temporary injunction application was derivative of the plaintiff's PJR application rather than being a separate independent injunction obtained pursuant to General Statutes § 52-471. First, nosigned writ, summons and complaint were filed with the temporary injunction application. (PJR Application and Accompanying Documents Filed With Court November 22, 1996.) In fact, no signed writ and complaint were filed with the court prior to July 24, 1997. Second, nothing in the facts demonstrates that the plaintiff provided an injunction bond. Third, the plaintiff repeatedly refers to the so called "injunction" as a restraining order. (Plaintiff's Objection to Defendant's Motion to Dismiss, pp. 5-6.) ("The ultimate objective of defendant's motion . . . is to relieve himself of the existing temporary restraining order.")
Subsequently, on February 24, 1997, the PJR application was denied. (Order of Sullivan, J.) General Statutes § 52-278j
(b) provides in pertinent part: "If an application for a prejudgment remedy is denied and the plaintiff, within thirty days thereof, does not serve and return to court the writ of CT Page 215 summons and complaint for which the prejudgment remedy was requested . . . the court shall order the application to be considered as having been withdrawn." (Emphasis added.)[1]
Pursuant to General Statutes § 52-278j (b), the application for the PJR "was considered as having been withdrawn [,]" thirty days later on March 26, 1997, when the plaintiff did not "serve and return to court the writ of summons and complaint for which the prejudgment remedy was requested . . . ." See, e.g., Williamson v. Seidman, supra, 18 CONN. L. RPTR. 229 (holding that use of the word "shall" in statute and legislative history demonstrates that a court is required to consider a PJR withdrawn if the plaintiff does not institute the action within 30 days of denial of prejudgment remedy); Grillo v. Szarka,
Superior Court, judicial district of Tolland at Rockville, Docket No. 55492 (Nov. 22, 1994) (Rittenband, J.) (granting motion to dismiss PJR application upon failure to serve summons and complaint within thirty days of the denial of the prejudgment remedy); Sears Roebuck Co. v. O'Hara, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304373 (Feb. 24, 1994) (Ford, J.) (granting motion for mandatory withdrawal on the ground that plaintiff did not file a writ of summons and complaint within thirty days from the denial of the prejudgment remedy).
"Prejudgment remedies by way of attachment and garnishment were unknown to the common law; therefore, the authorizing statutes must be strictly construed." (Internal quotation marks omitted.) Williamson v. Seidman, supra, 18 CONN. L. RPTR. 228-29. "Because the plaintiff's right to a PJR is founded and regulated by statute, the law mandates strict compliance with the authorizing statute." (Internal quotation marks omitted.) WilliamBeazley Co. v. Business Park Associates, Inc., 34 Conn. App. 801,803, 643 A.2d 1298 (1994).
"A temporary restraining order is a mechanism by which the status quo is maintained between the time an application for a prejudgment remedy is filed and the time set for a hearing on the motion." Sylvia v. Westport Bank Trust Co., 14 Conn. App. 579,582, 542 A.2d 345 (1998). In Sylvia, after the court granted a temporary restraining order, the accompanying PJR hearing was never held. Even though the restraining order was never dissolved by order of the court, the court refused to hold the defendant liable for subsequently violating its terms. Id. The court held that would "give a temporary restraining order the status of a CT Page 216 prejudgment remedy. This we will not do." Id. The Sylvia court, by implication, dissolved the temporary restraining order which was derivative of a PJR application.
In the present case, the plaintiff did not comply with the PJR statute, because it failed to serve the writ of summons and complaint within 30 days of the denial of the prejudgment remedy. Following the withdrawal of the PJR application on March 26, 1997, the temporary injunction granted on December 9, 1996, which was derivative of the PJR application, was also dissolved as there was no action before the court. Cf. Sylvia v. Westport Bank Trust Co., supra, 14 Conn. App. 582.
General Statutes § 52-278d (b) provides in pertinent part: "If the court does not grant the application for any reason, including the failure of the plaintiff to serve the defendant, only a summons and complaint may be issued and served. In either event, the plaintiff may alter the return date of the writ, summons and complaint or the summons and complaint, as the case may be. No additional entry fee shall be collected upon thereturn of such action to court unless the prejudgment remedy orapplication for such prejudgment remedy was dismissed orwithdrawn pursuant to the provisions of section 52-278j." (Emphasis added.)
General Statutes § 52-259 provides that there "shall be paid to the [Clerk] . . . for each civil cause in the superior court, one hundred fifty dollars." "It has been held that process is not filed with the court until the payment of the filing fee. See: Van Mecklenburg v. Pan American World Airways, Inc.,196 Conn. 517 (1985) . . . Lawrence Memorial Hospital v. Town ofEast Lyme, et al, 7 CSCR 1265 (New London J.D. 10/23/92) (`initial filing of the appeal unaccompanied by the required entry fee did not constitute a filing.') . . . ." Reiman v.Blair, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 527722, 11 CONN. L. RPTR. 80 (Feb. 16, 1994) (Mulcahy, J.).
When the plaintiff served the defendant with a one count complaint which was returned to the court on July 30, 1997, noadditional entry fee was paid. There is presently no action before the court, because (1) the initial PJR application was withdrawn on March 26, 1997, 30 days after the denial of the prejudgment remedy; and (2) the second action was never commenced due to the failure to pay the necessary entry fee. Accordingly, the court grants the defendant's motion to dismiss. CT Page 217
In the present case, the defendant's alleged tortious conduct continued after his termination in September of 1996. (Complaint, count I ¶¶ 7, 8 and 9.) Thus, the statute of limitations would not bar the plaintiff from refiling the action. The plaintiff should serve a new writ, summons and complaint and pay a new entry fee.
Hennessey, J.