[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PREJUDGMENT REMEDY APPLICATION, CONTINUANCE OF TEMPORARY RESTRAINING ORDER AND ISSUANCE OF TEMPORARY INJUNCTION
The court sympathizes with the plaintiff's position as CT Page 505 regards this matter but concludes that it had no power to issue a temporary restraining order after the hearing on the prejudgment remedy and has no power to issue a temporary injunction. Section 52-278(a)(d) defines a prejudgment remedy as any remedy that enables a party "by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession, or enjoyment by such defendant of, his property prior to final judgment but shall notinclude a temporary restraining order."
Even from the perspective of fair notice it would not be appropriate to characterize the hearing before the court on Monday as anything more than a hearing on an application for a prejudgment remedy. That being the case, the court cannot issue a non appealable temporary injunction order by merely labeling the hearing held before it as a hearing on a temporary injunction. The point is that statutorily this court cannot issue a temporary restraining order pursuant to a hearing on a prejudgment remedy and calling such an order a temporary injunction accomplishes nothing; tacking a different label on an order that would be the equivalent of a temporary restraining order would violate the explicit language of the statute, quoted above. This is not to say that prior to a hearing on an application for a prejudgment remedy a court could not issue an order preserving the status quo — any court has a right and the power to issue orders protecting its jurisdiction to act, Sylvia v. Westport Bank Trust Co.,14 Conn. App. 579, 582 (1988). But here the plaintiff seeks a prospective order of the court not authorized by the prejudgment remedy statutory scheme, §§ 52-278(a) et seq.
Furthermore, even if at this juncture this court procedurally could consider granting injunctive relief, the court has serious doubts as to whether any prospective evidence would warrant the equitable relief the plaintiff claims here, see Dobbs Law ofremedies, Vol. I, Section 2.4(4) through 2.5(4). The sum of $32,500 was transferred to counsel for the defendant and properly released to the defendant prior to counsel's knowledge that these funds were to be the subject of a request for garnishment pursuant to the application for the prejudgment remedy. There is no existing res as to which the court can issue an order. The court has no idea as to whether the funds were mixed with other funds by the defendant or used to purchase other liquid or non-liquid assets. In effect the court, by granting injunctive relief, would be ordering the defendant not to expend any funds in general. An equity court cannot micro manage a CT Page 506 party's financial affairs. Lack of an adequate legal remedy as a prerequisite to injunctive relief may be found as to a unique asset or designated funds of the defendant in specific accounts held by third parties which might be dissipated, but a court should not and cannot conclude that any legal remedy that might accrue to the plaintiff is uncollectible and order a defendant not to spend funds because of some generalized fear that a defendant will spend or dispose of his assets. A practice of permitting injunctive relief in effect ordering defendants not to disperse their assets would violate the spirit even if not the letter of the limited remedy provided for in the prejudgment remedy statutes §§ 52-278(c) et seq., and would in any event flood the courts with requests for such relief in any case where identifiable assets could not be proceeded against under those statutes.
In any event, even if the court's analysis is mistaken, minimum due process requires, especially as to non-appealable temporary injunction orders, that notice, a hearing and evidence subject to cross examination be presented prior to the issuance of any such temporary order.
The court must agree with counsel for the defendant that to issue this injunctive relief the court would have to consider merely statements of plaintiff's counsel as to the likelihood that the defendant would secret funds or that he has no other funds than the $32,500. Finally, as defense counsel also points out, a temporary injunction shall not issue pursuant to § 52-45(a) until the party making application for it gives bond with surety satisfactory to the judge granting the temporary injunction unless for good cause shown the court determines no bond is required, § 52-472. Consonant with due process and/or the statutory mandate of this last quoted statutory section, the court on the basis of the record presented to it cannot make a finding of good cause.
The temporary restraining order is hereby vacated but the court does conclude that a prejudgment remedy in the amount of $30,000 is appropriate.
Corradino, J.