[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, First City Bank, filed a two-count complaint on August 14, 1998, seeking damages for back rent (count one) and for use and occupancy (count two). Thereafter, the Defendants appeared. On April 9, 1999, the plaintiff filed a notice of application for prejudgment remedy. The plaintiff attached to the notice its application, the affidavit of the senior vice president of First City Bank, an order for prejudgment remedy, a motion for prejudgment disclosure of property and assets, and a disclosure order.
The defendants, James Scarritt, Elizabeth Scarritt, James Scarritt dba Scarritt Spas and Hot Tubs, Elizabeth Scarritt dba Scarritt Spas and Hot Tubs, and David Scarritt, move to dismiss and/or strike the application for prejudgment remedy on the ground that the application "does not include an unsigned Writ Summons as is required by General Statutes [§] 52-278c (a)."
"Since 1973, the authority for pretrial property attachment has been spelled out in General Statutes Section 52-278a through52-278n. Because the plaintiffs' right to a PJR is founded and regulated by statute, the law mandates strict compliance with the authorizing statute. Ledgebrook Condominium Ass., Inc. v. LuskCorp. , 172 Conn. 577, 582-83 (1977)" William Beazley Co. v.Business Park Associates, Inc., 34 Conn. App. 801, 803 (1994).
The defendants argue that the plaintiff has failed to comply with General Statutes § 52-278c (a), which provides that a party seeking a prejudgment remedy "shall attach his proposed unsigned writ, summons and complaint. . . . " CT Page 6560
Relying on General Statutes § 52-278h, the plaintiff argues there is no need to provide an unsigned writ, summons and complaint because the action has already been commenced and the writ, summons and complaint are now part of the court file. Section 52-278h provides: "The provisions of this chapter shall apply to any application for prejudgment remedy filed by the plaintiff at any time after the institution of the action, and the forms and procedures provided therein shall be adapted accordingly." The plaintiff contends that General Statutes § 52-278h alters the § 52-278c (a) requirement that an unsigned writ, summons and complaint be filed.
Although no appellate authority addresses the issue, two trial court opinions have indicated that § 52-278h makes unnecessary the attachment of an unsigned writ, summons and complaint. In Laperle v. KB Ambulance Corps, Superior Court, judicial district of Windham at Putnam, Docket No. 58133 (July 30, 1998, Sferrazza, J.), the court stated: "Certain requirements of § 52-278c are clearly inappropriate if the prejudgment remedy application is made after the action has begun. For example, §52-278c obligates the applicant to serve the respondent with a copy of the `proposed, unsigned writ, summons, and complaint.' Under § 52-278h, this procedure can be eliminated because the Defendants would already have been served with a signed writ, summons, and complaint."
Similarly, in Fleet Bank, N.A. v. Central Realty Assn., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 557010 (January 7, 1998, Teller, J.), the court stated that "§ 52-278h contemplates that forms and procedures would have to be appropriately adapted for a prejudgment remedy proceeding in an already pending action. As a complaint had already been issued, the issuance of a second complaint would be unnecessary and mere surplusage. The statutory scheme cannot be construed to require a useless and unnecessary requirement."
The defendants cite William Beazley Co. v. Business ParkAssociates, Inc., 34 Conn. App. 801, 643 A.2d 1298 (1994), for the proposition that "the law mandates strict compliance with the authorizing statute." Id., 803. Read in light of § 52-278h, the plaintiff has complied with the authorizing statute. Furthermore, none of the cases cited by the defendants concern prejudgment remedies sought after the commencement of the law suit. See, CT Page 6561 e.g., William Beazley Co. v. Business Park Associates, Inc., supra, 34 Conn. App. 801 (unsigned writ, summons and complaint attached); Lauf v. James, 33 Conn. App. 223, 224-25, 635 A.2d 223
(1993) (prejudgment remedy application filed first).
The motion to dismiss the plaintiff's application for prejudgment remedy is denied.
TANZER, J.