## HARWOOD v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, D. Connecticut. March 22, 1924.)

No. 1669.

1. Garnishment ⊚⇒95—Attachment held invalidated by failure to follow statutory requirements.

The provisions of Pub. Acts Conn. 1919, c. 88, that where garnishee process shall be served on the mortgagor of real estate a certificate shall be filed with the town clerk containing, inter alia, "a statement that the debt secured by such mortgage has been garnished," and that the clerk shall record the certificate and note the same on the page on which the mortgage is recorded, are mandatory, and where the certificate filed does not contain such statement, but fails to mention the mortgage or name the mortgagor, and is not noted by the clerk on the record of the mortgage, there is no valid attachment of the real estate or garnishment of the debt.

2. Attachment ⊚⇒1—Statutory requirements must be strictly complied with.

Statutory requirements relative to attachments on mesne process must be completely and accurately complied with, or no lien is created.

3. Attachment ⊚⇒267—Will be vacated where legal action is converted into suit in equity.

Where an action at law in which an attachment has been issued and levied under the laws of Connecticut has by substituted pleadings been converted into a suit in which only equitable relief is claimed, the attachment will be vacated, not being authorized by the laws of the state in an equity suit.

In Equity. Suit by P. Leroy Harwood, trustee in bankruptcy of the Groton Iron Works, against the United States Shipping Board Emergency Fleet Corporation. On petition by defendant and another to vacate attachment. Granted.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

300 F.—28

William H. Griffin and Thomas G. Flaherty, both of New York City, for plaintiff.

Henry F. Parmelee, of New Haven, Conn., and Henry M. Ward, of New York City, for Shipping Board.

THOMAS, District Judge. Of all of the motions and matters pending in this and allied cases, but one remains for determination. All others have either been decided or decision respecting them becomes unnecessary, in view of the decree of sale in the foreclosure proceedings, directing a sale on March 18, 1924. The petition, set forth at length and duly verified, shows that an action at law was originally brought in December, 1920, returnable to the state court by writ of attachment to the value of $3,500,000, containing a complaint based on the common counts, claiming $3,500,000 damages and directing the service thereof on Groton Park Real Estate Company as garnishee. It appears that the deputy sheriff lodged in the town clerk's office of the town of Groton a certain certificate, the material parts of which are as follows:

"Groton Iron Works v. United States Shipping Board Emergency Fleet Corporation.

"Attachment. Recorded in Groton Land Records, Volume 3 of Attachments, Page 390. Dated December 10, 1920.

"Certificate of Attachment.

"State of Connecticut, County of New London—ss.:

"Town of Groton, 10th day of December, 1920.

"This may certify that I have this day, by virtue of a writ of attachment issued by John T. Robinson, commissioner of the superior court for Hartford county, and to me directed and delivered, returnable to the superior court to be held within and for the county of New London on the first Tuesday of February, A. D. 1921, against the United States Shipping Board Emergency Fleet Corporation, a corporation organized and existing under the laws of the District of Columbia, and doing business in the state of Connecticut, and having an office and place of business at Groton, in said state of Connecticut, in favor of Groton Iron Works, a corporation organized and existing under the laws of the state of Maine, and having its principal place of business at Groton, in said county of New London, and state of Connecticut, and in which writ three million five hundred thousand dollars damages and costs of suit are claimed, made an attachment of all the right, title, and interest of said defendant, United States Shipping Board Emergency Fleet Corporation, in and to seven certain tracts or parcels of land, with all the buildings thereon, lying in said town of Groton, and bounded and described as follows, to wit: [Here follows description:]

"Attest: J. H. Tubbs, Deputy Sheriff.

"Received for record December 10, 1920, at 4:30 p. m."

Said petition then alleges that the sheriff left a copy of the writ, complaint, and garnishee process with the Groton Park Real Estate Company at least 12 days before the session of the court to which the writ was returnable, and on December 10, 1920, he also left in the town clerk's office a true and attested copy of said writ, summons, and complaint, with his indorsement thereon. The plaintiff asserts that the procedure hereinbefore set forth created a valid lien by way of attachment upon the real estate described in the certificate.

The defendant's petition further alleges that the real estate described in the certificate was during December, 1920, and has at all times since

been, the property of said Groton Park Real Estate Company, subject, however, to a mortgage to the Fleet Corporation, the defendant, dated December 2, 1918, recorded in Groton Land Records, in the sum of $1,250,000, as security for loans or advances to be made from time to time to said Groton Park Real Estate Company by said Fleet Corporation.

The petition alleges that the Groton Park Real Estate Company prays for leave to intervene herein specially for the sole purpose of joining in the present petition to secure relief from the claim of the plaintiff that the procedure above detailed imposed an attachment upon its real property. It is further alleged that the case was afterwards removed to this court, and, was then pending as an action at law, but was thereafter, upon the withdrawal of the pleadings theretofore filed and by the substitution therefor by the plaintiff of a bill of complaint as on file, transferred to the equity docket, and is now at issue upon said bill of complaint, claiming equitable relief, and answer thereto filed by the defendant, and plaintiff's reply.

[1] On information and belief it is further alleged that the plaintiff adopted the procedure above described pursuant to the provisions of chapter 88 of the Public Acts of 1919 of the state of Connecticut, which provide as follows:

"The plaintiff in any civil action in which garnishee process shall be served upon the mortgagor of real estate, shall, before such process is returned to the court, cause to be filed in the office of the town clerk of the town in which the real estate is situated, a certificate giving the names of the parties to the action, the time when and the court to which such process is returnable, the amount of damages claimed *and a statement that the debt secured by such mortgage has been garnished.* The town clerk shall record the certificate and note the same on the page on which such mortgage is recorded."

It is then alleged and is the claim of the defendant that the above-described certificate contains no reference to the mortgage sought to be attached, and that said certificate fails to give a statement that the debt secured by such mortgage had been garnished, both as required by the statute quoted. The defendant also alleges that the town clerk failed to note the recording of the certificate on the page of the land records of the town of Groton upon which the mortgage was recorded. Attention is directed to the fact that the certificate fails to state the name of the owner of the property sought to be attached, or to otherwise describe the property in such a manner that the filing of the certificate could constitute notice of any attachment by virtue of such certificate.

The defendant alleges and claims that under the laws of Connecticut the interest of the defendant, the Fleet Corporation, as mortgagee, in the property of the Groton Park Real Estate Company, was not subject to attachment on mesne process, and that, even if the certificate had conformed to the requirements of the statute of Connecticut, the filing would not have created a valid attachment, so as to constitute an incumbrance upon or defect in the title of the Groton Park Real Estate Company to said property.

The right of attachment given under the Connecticut statute is an extraordinary remedy, and it is generally held that statutory require-

ments in respect of the extraordinary statutory privilege of attachment on mesne process thereby afforded at the beginning of a suit, and before the determination or liquidation of the indebtedness sued upon, must be strictly complied with, and any failure to so strictly comply with such statutory requirements renders the attachment invalid. The statute by its terms is mandatory. It directs that the plaintiff, where garnishee process is served upon a mortgagor, *shall* cause a certificate to be filed, and that the certificate *shall* contain, among other things, "a statement that the debt secured by such mortgage has been garnished." It is apparent that the certificate fails to make such a statement. It follows, therefore, and of necessity, that the attachment of the real estate, even if otherwise valid, as well as the attachment of the mortgage debt, has failed.

It also appears that the town clerk failed to note the certificate on the page on which the mortgage was recorded. A definite public policy of Connecticut provides that notice shall be given of such attachments by the public record. The failure of the certificate to name the mortgagor, to state that the mortgage debt has been garnisheed, and the failure of the town clerk to note the certificate on the page of the volume where the mortgage is recorded, are vital defects, and failure to observe the provisions of the act manifestly defeats the purposes of the act.

[2] That statutory requirements relative to attachments must be completely and accurately complied with in order to secure and hold a valid attachment has been frequently decided by the Supreme Court of Errors of this state. Mr. Justice Foster, in speaking for the court in Sanford v. Pond, 37 Conn. 588, said on page 590:

"Any interest which the plaintiff has acquired in this property must have accrued to him solely through the service of these writs of attachment. These must have been lawful and valid writs, he must have been duly qualified to serve them, and he must have served them and proceeded with them according to law, in order to derive from them any title or interest whatever. The power of taking property by attachment, before any just debt or claim has been established, is an extraordinary power, given by statute, against common right; and no title can be acquired by its exercise, except by strict compliance with the terms of the statute."

Mr. Justice Prentice, speaking of the provisions of the statute respecting attachments in Munger v. Doolan, 75 Conn. 656, on page 659, 55 Atl. 169, 170, said:

"It only remains to inquire whether this action by the officer created a valid attachment of the real estate described in the certificate of attachment. It is apparent that the officer proceeded as he would in attaching the real estate of a resident defendant. Our statutes (Rev. 1902, § 828) provide, and then provided (Rev. 1888, § 910), a special procedure for the attachment of estate within this state belonging to defendants not residing within the state. This statute is and was exclusive. Being in derogation of both common right and common law, it is one to be strictly interpreted and pursued. Its provisions and requirements may not be disregarded with impunity, nor waived or changed by courts. Cody v. Gay, 31 Conn. 395; Sanford v. Pond, 37 Conn. 588; Hubbell v. Kingman, 52 Conn. 17; Ahern v. Purnell, 62 Conn. 21."

The Supreme Court, in Ahern v. Purnell, 62 Conn. 21, 25 Atl. 393, held that the failure to strictly comply with the provisions of the stat-

ute renders the attachment invalid and creates no lien. Mr. Justice Carpenter, speaking for the court, said on page 24 (25 Atl. 394) :

"It only remains to inquire what effect is to be given to the omission. We can do no less than hold that such an attachment is inoperative, creating no lien. The right to attach property on mesne process in actions ex contractu, is a right which does not exist in most of the states. It exists in this state and is defined and regulated by statute. Surely it is not too much to hold parties and officers to a reasonably strict observance of its requirements."

[3] The cases just cited are sufficient to clearly indicate the opinion of the Supreme Court of Errors, and others may be cited sustaining the proposition that the right of attachment on mesne process before the determination of the indebtedness sued upon is a privilege of an extraordinary, drastic, and inequitable nature, which should not be countenanced in a suit in equity. The privilege cannot be availed of under the Connecticut statutes, except by suit claiming money damages. Where only equitable relief is sought, attachment on mesne process is not permitted. In this case suit was brought by writ claiming $3,500,000 damages, subsequently enlarged to $13,000,000. Since then, however, the plaintiff has seen fit to file substituted pleadings claiming only equitable relief, and the case has been removed to the equity side of this court. Had it been originally brought as a suit in equity, claiming only equitable relief, the plaintiff could not have had his attachment. That being so, even if the attachment were valid, this court would order that it be vacated as inappropriate to the relief sought. Pursuant to its logical conclusion the contention of the trustee would enable one desiring to rely on a bill in equity, to begin an action at law, attach property of the defendant, and when the case is in court, transfer it to the equity side and pray for equitable relief based on allegations to support the bill, and still retain the attachment. It requires the citation of no authority to show that such procedure cannot be tolerated.

Counsel for the trustee cite no case which disputes the doctrine of the cases above cited, nor can any be found which are in conflict with such fixed principles of law. They contend that during the three years of the pendency of the attachment no one, prior to the filing of this petition, arose to assert its invalidity; but no length of silence will convert an invalid attachment into a valid one.

Whatever the intent of the statute of 1919 may have been, the fact remains that the act, entitled "An act concerning attachments of mortgages," specifically states that the plaintiff, where garnishee process is served upon the mortgagor of real estate, "*shall* before such process is returned to the court cause to be filed in the office of the town clerk" a certificate, and specifically defines what the certificate shall contain. It has been shown that the certificate did not contain the required statements and was otherwise insufficient. It is therefore a nullity, and therefore the plaintiff did not, before the process was returned to court, cause to be filed a proper certificate. The statute is plainly mandatory, and must be complied with in all cases where garnishee process is served upon the mortgagor of real estate because the statute so states.

I am therefore constrained to hold that the petition of the defendant should be granted; and it is so ordered. Accompanying the petition is an appropriate order, which has been signed and filed cotemporaneously with this memorandum of decision.