DONNA K. FELDMANN, ADMINISTRATRIX (ESTATE
OF JEFFREY FELDMANN), ET AL. *v.*
KEITHKALANI SEBASTIAN ET AL.
(SC 16651)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued March 13—officially released October 1, 2002

*Scott D. Camassar*, with whom, on the brief, was *Robert I. Reardon, Jr.*, for the appellant (named plaintiff).

*Lucia M. Mercurio*, for the appellees (defendants).

*Opinion*

ZARELLA, J. The sole issue in this appeal is whether the trial court improperly denied the application of the named plaintiff, Donna K. Feldmann (plaintiff),[1] for a prejudgment remedy and the appointment of a receiver to collect certain tribal incentive payments furnished to the defendants, Keithkalani Sebastian and Juanita Graham, as members of the Mashantucket Pequot Tribal Nation (tribe). On appeal, the plaintiff claims, inter alia,[2] that she is authorized to pursue her applica-

[1] The plaintiff brought this action in her individual capacity and in her capacity as administratrix of the estate of her deceased husband, Jeffrey Feldmann. We refer to her throughout this opinion as the plaintiff.

[2] On appeal, the plaintiff also claims that she never sought to garnish the tribe for any tribal incentive payments that may be payable to the defendants, and, therefore, that the trial court's decision to deny the plaintiff's application for a prejudgment remedy on the basis of sovereign immunity was improper. A fair reading of the plaintiff's application, however, suggests that the plaintiff was seeking to garnish tribal incentive payments that were "paid and/or *payable*" to the defendants by the tribe. (Emphasis added.) Nevertheless, we need not determine the propriety of the trial's court reliance on the doctrine of sovereign immunity because the plaintiff expressly disavows seeking any such relief against the tribe.

tion for a prejudgment remedy and the appointment of a receiver pursuant to General Statutes §§ 52-278a[3] and 52-504.[4] The defendants claim, inter alia, that the trial court properly concluded that it lacked authority to order the transfer of tribal incentive payments to a receiver. We agree with the defendants. Accordingly, we affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. On July 7, 2000, Jeffrey Feldmann, the plaintiff's decedent, was fatally injured when a motorcycle that he was driving collided with a vehicle driven by Sebastian. Sebastian's mother, Graham, was the owner of the vehicle that Sebastian was driving at the time of the collision. The plaintiff sought to recover damages from the defendants for wrongful death and loss of consortium. The defendants are both members of the Mashantucket Pequot Tribal Nation (tribe). As members of the tribe, they receive tribal incentive payments, which are monthly stipends that the tribe pays to its members. The amount, duration and frequency of these stipends are within the sole discretion of the tribe.

On December 13, 2000, the plaintiff filed a second amended application for a prejudgment remedy and for

---

[3] General Statutes § 52-278a provides in relevant part: "The following terms, as used in sections 52-278a to 52-278g, inclusive, shall have the following meanings, unless a different meaning is clearly indicated from the context:

\* \* \*

"(d) 'Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order. . . ."

[4] General Statutes § 52-504 provides in relevant part: "When any action is brought to or pending in the superior court in which an application is made for the appointment of a receiver, any judge of the superior court, when such court is not in session, after due notice given, may make such order in the action as the exigencies of the case may require . . . ."

the appointment of a receiver in which she requested, inter alia, that the trial court order the defendants to turn over to a receiver any tribal incentive payments that the defendants had received to date. In support of her application, the plaintiff alleged that, at the time of the accident, the automobile insurance policy under which Graham's vehicle was insured was insufficient to cover the damages suffered by the plaintiff and her decedent's estate. The plaintiff further alleged that, as a result of this deficiency in insurance coverage, the appointment of a receiver was necessary to collect all tribal incentive payments furnished to the defendants in order to secure the sum of six million dollars. The parties stipulated that probable cause did exist to sustain the plaintiff's request for a prejudgment remedy. Consequently, the only issue before the trial court was whether the remedy sought by the plaintiff was proper as a matter of law. After a hearing, the trial court denied the plaintiff's application, concluding that it lacked jurisdiction to order the garnishment of tribal incentive payments or the transfer of those payments to a receiver. The plaintiff appealed to the Appellate Court from the decision of the trial court to deny the plaintiff's application, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

As a preliminary matter, we set forth the standard of review that governs our analysis on appeal. Ordinarily, we review a trial court's actions with respect to an application for a prejudgment remedy for abuse of discretion. See, e.g., *State* v. *Ham*, 253 Conn. 566, 568, 755 A.2d 176 (2000); *Nash* v. *Weed & Duryea Co.*, 236 Conn. 746, 749, 674 A.2d 849 (1996). In the present case, however, the parties stipulated that, at the time of the hearing on the plaintiff's prejudgment remedy application, probable cause existed to sustain a prejudgment remedy. Therefore, the only issue before the trial court

was whether the plaintiff's requested remedy was authorized as a matter of law. Because this issue presents a question of law, our review is plenary. See, e.g., *Olson* v. *Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156, 757 A.2d 14 (2000).

We begin by reviewing well established precedent regarding prejudgment remedies. In *Munger* v. *Doolan*, 75 Conn. 656, 659, 55 A. 169 (1903), we determined that a plaintiff's attachment of a defendant's real property is valid only when the plaintiff strictly follows the applicable statute. We stated that the "statute [regarding attachments] is . . . exclusive. Being in derogation of both common right and common law, it is one to be strictly interpreted and pursued. Its provisions and requirements may not be disregarded with impunity, nor waived or changed by courts." Id. We consistently have adhered to these principles of strict construction in dealing with various aspects of prejudgment remedy statutory schemes. See *Carter* v. *Carter*, 147 Conn. 238, 242, 159 A.2d 173 (1960) (statute prescribing procedure for attaching property of nonresident is exclusive and in derogation of common law and, therefore, must be strictly construed); *Chapel-High Corp.* v. *Cavallaro*, 141 Conn. 407, 410, 106 A.2d 720 (1954) ("[The] power to attach property on mesne process is an extraordinary one granted by the General Assembly in derogation of common right and common law. . . . The failure of an officer . . . to pay strict observance to the statutory requirements will render the attachment invalid." [Citation omitted.]); *Fosdick* v. *Roberson*, 91 Conn. 571, 577, 100 A. 1059 (1917) (statute authorizing attachment of nonresident's property, being in derogation of common right and common law, must be strictly construed); *Ahern* v. *Purnell*, 62 Conn. 21, 24, 25 A. 393 (1892) (right to attach real property is right "defined and regulated by statute" that must be strictly construed); *Sanford* v. *Pond*, 37 Conn. 588, 590–91 (1871) ("[t]he power of

taking property by attachment, before any just debt or claim has been established, is an extraordinary power, given by statute, against common right; and no title can be acquired by its exercise, except by strict compliance with the terms of the statute"); *Cady* v. *Gay*, 31 Conn. 395, 397 (1863) (statute providing for attachment of nonresident's real property must be strictly construed). More recently, we reaffirmed the principle that "[t]he right to a prejudgment remedy of attachment is purely statutory." *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 766, 628 A.2d 1303 (1993).

Having reaffirmed the principle that prejudgment remedies are in derogation of the common law and, therefore, that prejudgment remedy statutes must be strictly construed, we turn to the specific prejudgment remedy sought by the plaintiff.[5] In her application for a prejudgment remedy and for the appointment of a receiver, the plaintiff sought, inter alia, an order directing the defendants, upon receipt of any monthly tribal incentive payments, to transfer those payments to an appointed receiver. The plaintiff argues that this prejudgment remedy is available pursuant to § 52-278a. Specifically, the plaintiff contends that the definition of prejudgment remedy in § 52-278a encompasses her requested remedy. To the contrary, however, we conclude that the remedy sought by the plaintiff does not fall within the statutory definition of prejudgment remedy.

General Statutes § 52-278a (d) defines a prejudgment remedy as "any remedy or combination of remedies

---

[5] The nature of the plaintiff's requested relief can be gleaned from paragraph 2 (a) of her application for a prejudgment remedy and for the appointment of a receiver. In paragraph 2 (a), the plaintiff urges the court "[t]o order any and all monthly Trial Incentive Program payments and/or stipends paid and/or payable by the [tribe] to the defendants . . . placed, as periodic payments are made, in the hands of a receiver in order to retain, invest, and secure such sums until a disposition of this civil suit or until further [o]rder of th[e] [c]ourt."

that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." Section 52-278a, therefore, expressly limits the term "prejudgment remedy" to an attachment, a foreign attachment, a garnishment, replevin or a combination thereof.

This limitation provided the basis for the Appellate Court's decision in *Rhode Island Hospital Trust National Bank* v. *Trust*, 25 Conn. App. 28, 592 A.2d 417, cert. granted, 220 Conn. 904, 593 A.2d 970 (1991) (appeal withdrawn July 10, 1992). In that case, the Appellate Court concluded that a hybrid remedy similar to the remedy that the plaintiff seeks in the present case did not fall within the purview of the statutory definition of prejudgment remedy contained in § 52-278a (d). Id., 31, 33. The Appellate Court held that "[i]t [was] apparent from a plain reading of [§ 52-278a (d)] that the combination of remedies is limited to a combination of the four remedies [i.e., attachment, foreign attachment, garnishment and replevin] set forth therein. [The Appellate Court found] no justification to construe this unambiguous statute to mean that the possible remedies that can combine to qualify as a [prejudgment remedy] are limitless as long as one of the four statutorily defined [prejudgment remedies] is included in the mix. [The court concluded] that the 'combination of remedies' language refers only to any combination of the four statutorily defined [prejudgment remedies]. Accordingly, combining a prejudgment attachment with a temporary injunction does not transform the latter into a [prejudgment remedy]." Id., 32. We agree with this analysis and, applying the same logic to the present case, we conclude that the plaintiff has not requested

any of the four prejudgment remedies authorized pursuant to § 52-278a (d).

In the present case, the plaintiff sought, inter alia, a court order directing the defendants, upon receipt of their monthly tribal incentive payments, to transfer those payments to a receiver appointed by the court until judgment is rendered in favor of the plaintiff. The plaintiff, in requesting the court to order the defendants to transfer to an appointed receiver any tribal incentive payments received prejudgment, effectively cloaks the hybrid remedy being sought in prejudgment remedy garb.

It is apparent, when we construe § 52-278a (d) strictly, as we must, that the legislature limited the definition of prejudgment remedy to attachments, foreign attachments, garnishments, replevin or a combination thereof. See General Statutes § 52-278a (d). "When legislation defines the terms used therein such definition is exclusive of all others. *Neptune Park Assn.* v. *Steinberg*, 138 Conn. 357, 362, 84 A.2d 687 (1951)." *Rhode Island Hospital Trust National Bank* v. *Trust*, supra, 25 Conn. App. 31; see also 2A J. Sutherland, Statutory Construction (5th Ed. Singer 1992) § 47.07, p. 152 (statutory definition that declares what term means excludes any meaning not stated). Accordingly, we reject the plaintiff's contention that her requested remedy is authorized under § 52-278a (d).

Finally, the plaintiff refers us to § 52-504 in support of her claim that the trial court was statutorily authorized to appoint a receiver.[6] That statute, however, does not confer authority on the trial court to appoint a receiver under the circumstances of the present case.

Under § 52-504, a judge may grant an application for receivership only when an "action is brought to or pend-

---

[6] See footnote 4 of this opinion.

ing in the superior court . . . ." General Statutes § 52-504. The application for a prejudgment remedy and for the appointment of a receiver that the plaintiff filed with the trial court and served on the defendants included an affidavit, an order for a hearing and notice, a statement of the amount in demand, and an unsigned writ of summons, complaint and order. There was nothing to indicate, however, that any action had been brought or was pending.[7]

It is well settled that a civil action is brought on the date on which the writ of summons is served on the defendant. See, e.g., *Hillman* v. *Greenwich*, 217 Conn. 520, 524, 587 A.2d 99 (1991). "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [I]t is an essential element to the validity of the jurisdiction of the court. . . . [T]he writ of summons need not be technically perfect . . . and need not conform exactly to the form set out in the Practice Book . . . ." (Citations omitted.) Id., 526. Furthermore, the writ of summons "shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable." General Statutes § 52-45a; see also *Raynor* v. *Hickock Realty Corp.*, 61 Conn. App. 234, 242, 763 A.2d 54 (2000) (prejudgment remedy documents that lacked signed writ of summons did not effect commencement of action within meaning of § 52-45a or rule enunciated in *Hillman* v. *Greenwich*, supra, 520).

Although the plaintiff served the defendants with an unsigned writ of summons along with her prejudgment remedy application, giving them proper notice of her application, the plaintiff has yet to serve the defendants

---

[7] The plaintiff conceded as much in her second amended application for a prejudgment remedy and for the appointment of a receiver in which she represented in the first paragraph that she was *"about to commence* an action against [the defendants] pursuant to the proposed unsigned writ, summons, complaint and affidavit attached to her previously filed Application for Prejudgment Remedy." (Emphasis added.)

with a signed writ of summons by which a civil action is commenced. An application for a prejudgment remedy, which is not equivalent to a writ of summons and complaint, does not commence an action. *Raynor* v. *Hickock Realty Corp.*, supra, 61 Conn. App. 236 ("prejudgment remedy documents are not the equivalent of a writ of summons and complaint, and do not commence an action"). Accordingly, we conclude that, under the circumstances of the present case, the plaintiff's claim that § 52-504 conferred authority on the trial court to appoint a receiver is without merit.

The decision is affirmed.

In this opinion the other justices concurred.