[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendants' motion to dismiss the prejudgment remedy on the ground that the writ, summons and complaint were not served and returned to court within thirty days of the order of attachment as required by General Statutes § 52-278j (a).
 FACTS
On May 28, 2002, the court, Hodgson, J., granted the application of the plaintiff, Errigal Construction, LLC, for the prejudgment remedy of attachment against the defendant, Arganese Properties, LLC. The application was granted after an evidentiary hearing and the court,Hodgson, J., ordered the attachment of certain property of the defendant in the amount of $41,000.00. On June 11, the defendant moved for articulation of the court's ruling. The court (Hodgson, J.) granted the motion on July 8, 2002. An inspection of the court file reveals that the clerk returned the original writ, summons and complaint to the plaintiff on July 17, 2002 (docket entry No. 101). The plaintiff then served the defendant on July 19, 2002 (docket entry No. 108).
The defendants move for dismissal of the prejudgment remedy on the ground that the plaintiff did not effect service of process within the thirty day period prescribed by General Statutes § 52-278j (a).[1]
According to the defendants, the plaintiff was required to serve and return to the court the writ, summons and complaint within thirty days after the court's order on May 28, 2002.
The plaintiff objects to the defendants' motion on two grounds, arguing that its responsibility to serve the signed writ, summons and complaint within the thirty day statutory period did not commence until (1) the clerk of the court returned the writ, summons and complaint to the applicant as required by General Statutes § 52-278d (b)[2] and/or (2) the court responded to the defendants' motion for articulation. CT Page 731
 DISCUSSION
"Practice Book § 10-31 provides . . . [that] [t]he motion to dismiss shall be used to assert . . . insufficiency of service of process." Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000). A motion to dismiss is the proper procedural device to contest the prejudgment remedy of attachment for insufficient service of process under § 52-278j (a). Thorn Americas, Inc. v. Torres, 34 Conn. App. 303,305, 641 A.2d 386 (1994).
The plaintiff argues first that because the court failed to return the writ, summons and complaint that formed the basis of the prejudgment remedy application to the plaintiff in accordance with § 52-278d (b), the thirty day period in which it had to serve the defendants as required by § 52-278j (a) would have begun to run on July 17, 2000, and not on May 28, 2002, as the defendants contend.
"[T]he plaintiff's right to a [prejudgment remedy] is founded and regulated by statute, [and therefore] the law mandates strict compliance with the authorizing statute." (Internal quotation marks omitted.)William Beazley Co. v. Business Park Associates, Inc., 34 Conn. App. 801,803, 643 A.2d 1298 (1994). In 1991, § 52-278j (a) was amended by Public Act 91-315. "Prior to the adoption of Public Act 91-315 . . . cases held that the time limits in the statute were not mandatory, and therefore were not jurisdictional. . . . Public Act 91-315 changed the statutory language [of § 52-278j (a)], however, from a statement that the court `may' dismiss the prejudgment remedy to a statement that the court `shall' dismiss the prejudgment remedy, if the writ, summons and complaint are not filed within the thirty day period." (Citations omitted.) Williamson v. Seidman, Superior Court, judicial district of New London, Docket No. 0536900 (October 30, 1996, Hurley, J.) (granting defendant's motion to dismiss the prejudgment remedy of attachment because, although the plaintiff delivered the writ, summons and complaint to the sheriff within the thirty day statutory period, the sheriff failed to make service within the statutory period, due to the death of his wife).
"The legislature's use of the word `shall' generally evidences an intent that the statute be interpreted as mandatory." Todd v. Glines,217 Conn. 1, 8, 583 A.2d 1287 (1991). "The change in the statutory language from may to shall indicates that the legislature made an affirmative selection of words with a specific intent to make use of each word's distinctive meaning. . . . Ordinarily, the word shall connotes that the directive is mandatory, not permissive. . . . Thus, [i]f read according to the commonly approved usage of its language, the statute CT Page 732 then speaks for itself." (Citations omitted; emphasis added; internal quotation marks omitted.) Williamson v. Seidman, supra, Superior Court, Docket No. 0536900. "The legislative history of § 52-278j is instructive. Senator Avallone stated: `The bill requires, instead of permits, a court to dismiss [a] PJR, prejudgment remedy or order the application for a PJR to be considered withdrawn if the plaintiff does not institute the action within a specified period of time. It used to be 90 days, now they have to file the action in 30 days.' 34 S.Proc., Pt. 10,1991. Sess., p. 118, remarks of Senator Avallone. Thus, it appears that the directive in § 52-278j is mandatory." Id.
In addition, "[t]he power of taking property by attachment, before any just debt or claim has been established, is an extraordinary power, given by statute, against common right; and no title can be acquired by its exercise, except by strict compliance with the terms of the statute." (Citation omitted; internal quotation marks omitted.) Feldmann v.Sebastian, 261 Conn. 721, 725-26, 805 A.2d 713 (2002). The Connecticut Supreme Court has consistently "adhered to these principles of strict construction dealing with various aspects of prejudgment remedy statutory schemes." (Citation omitted; internal quotation marks omitted.) Id., 725.
The statute governing prejudgment remedies clearly states that "[i]f an application for a prejudgment remedy is granted but the plaintiff, within thirty days thereof . . . does not serve and return to court the writ, summons and complaint . . . the court shall dismiss the prejudgment remedy." General Statutes § 52-278j (a). "Where . . . the language of the statute is clear and unambiguous, courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for doing so." Simko v. ZoningBoard of Appeals, 205 Conn. 413, 418, 533 A.2d 879 (1987), modified on other grounds, 206 Conn. 374, 538 A.2d 202 (1988). The language of §52-278j (a) is to be strictly construed.
The second part of the plaintiff's argument deals with the defendants' motion for articulation of the court's prejudgment remedy "in order to correct a perceived clerical error".[3] The plaintiff argues that because the court did not respond to the defendants' motion for articulation until July 8, 2002, the thirty day period did not begin to run until that date. According to the plaintiff, until the court ruled on the defendants' motion for articulation, it did not know whether there had been "a significant clerical error made that could have drastically reduced the amount of the prejudgment attachment" and that such knowledge "was crucial to the plaintiff creditor's decision and strategy". The argument is unpersuasive. CT Page 733
Pursuant to § 52-278k, "[t]he court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or issued under this chapter upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy under the standards applicable at an initial hearing." The court may do so at any time, including after the expiration of the thirty day requirement of § 52-278j (a). As discussed above, because the right to prejudgment remedy is entirely statutory, "the law mandates strict compliance with the authorizing statute;" (internal quotation marks omitted) William Beasley Co. v. Business Park Associates, Inc., supra,34 Conn. App. 803; and that statute makes no exception to the requirement that the plaintiff serve and return to the court the writ, summons and complaint within 30 days after the prejudgment remedy is granted.
The thirty day requirement in which the plaintiff had to serve and return to the court the writ, summons and complaint began to run on May 28, 2002. Accordingly, the defendants' motion to dismiss is granted.
GALLAGHER, J.