******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MAEFAIR HEALTH CARE CENTER, INC. *v.*
SUSAN NOKA, CONSERVATOR
(ESTATE OF PATRICIA
N. ERTS)
(AC 46314)

Cradle, C. J., and Suarez and Westbrook, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment denying its application
for a prejudgment remedy against the defendant, the conservator of the
person and estate of P. The plaintiff claimed, inter alia, that the court erred
in concluding that, on the basis of the definition of property in the statute
(§ 52-278a) governing prejudgment remedies, the plaintiff was precluded
from attaching P's interest, as an heir, in certain real property that was part
of an estate then pending in a probate court. *Held*:

The trial court improperly denied the plaintiff's application for a prejudgment
remedy on the basis of its conclusion that the plaintiff could not attach P's
interest in the real property, as contingent interests in real property explicitly
fall within the broad definition of property in § 52-278a; accordingly, this
court remanded the case to the trial court to conduct a new hearing on the
application.

Argued April 22—officially released October 21, 2025

*Procedural History*

Action to recover damages for, inter alia, unjust
enrichment, and for other relief, brought to the Superior
Court in the judicial district of Fairfield, where the
court, *Hon. Dale W. Radcliffe*, judge trial referee, denied
the plaintiff's application for a prejudgment remedy,
and the plaintiff appealed to this court. *Reversed*; *further
proceedings*.

*Michael W. Stenger*, with whom, on the brief, was
*Angelo Maragos*, for the appellant (plaintiff).

*Opinion*

SUAREZ, J. The plaintiff, Maefair Health Care Center,
Inc., appeals from the judgment of the trial court denying
its application for a prejudgment remedy filed

against Susan Noka,[1] the conservator of the person and estate of Patricia N. Erts.[2] On appeal, the plaintiff claims, inter alia,[3] that the court incorrectly concluded that General Statutes § 52-278a did not permit the plaintiff to attach the decedent's interest in certain real property. We agree and reverse the judgment of the court.

The record reveals the following relevant facts, set forth by the trial court, and procedural history. "The plaintiff is licensed by the state of Connecticut to operate a chronic care and convalescent facility [in] Trumbull. . . . [The decedent] was first admitted as a resident/patient of the [plaintiff] on January 26, 2021, and was discharged on March 10, 2021. She was readmitted

[1] Susan Noka had been appointed as conservator of the person and estate of Erts in 2021. Erts died in 2023 during the pendency of this appeal, and we refer to her herein as the decedent. A motion to substitute Gregory J. Vetter, the administrator of Erts' estate, as the defendant was granted by the trial court on June 24, 2024, and by this court on January 3, 2025. For clarity, we refer in this opinion to the administrator as the defendant and to Noka by name.

We further note that the defendant did not file a brief with this court. We therefore decide the appeal on the basis of the record and the plaintiff's brief, appendix and oral argument. See, e.g., *Batista* v. *Cortes*, 203 Conn. App. 365, 366 n.1, 248 A.3d 763 (2021).

[2] The grant or denial of a prejudgment remedy is a final judgment for purposes of appeal pursuant to General Statutes § 52-278*l* (a). See, e.g., *People's United Bank* v. *Kudej*, 134 Conn. App. 432, 434 n.1, 39 A.3d 1139 (2012).

[3] The plaintiff also claims that the court incorrectly concluded that it could not state a cognizable claim against Noka, in her individual capacity, rather than determining whether Noka, as conservator of the decedent's estate, was liable in her representative capacity, to the plaintiff on its claims alleging unjust enrichment and quantum meruit. We do not address this claim because the administrator of the decedent's estate has been substituted as the party defendant. See footnote 1 of this opinion. Accordingly, the question of whether Noka was a proper party defendant is purely academic because, even if we were to agree with the plaintiff's first claim, any proceedings on remand would not involve Noka. "[W]e have consistently held that we do not render advisory opinions. . . . [When] the question presented is purely academic, we must refuse to entertain the appeal." (Internal quotation marks omitted.) *Francis* v. *Fonfara*, 303 Conn. 292, 297 n.8, 33 A.3d 185 (2012).

to the facility on March 22, 2021, and ha[d] resided at [the plaintiff's facility] since the readmittance. . . .

"[The decedent was] the sole surviving child of the late Marguerite Erts, who died on November 2, 2018. The estate of Marguerite Erts is pending in the Probate Court for the district of Trumbull. When Marguerite Erts died, she was the owner of real property located at 53 Sherwood Drive, Easton [property] [that] . . . [was] listed as part of her estate. [The decedent] is the only heir of Marguerite Erts."

On July 1, 2022, the plaintiff filed an application for prejudgment remedy[4] against Noka, seeking to attach the subject property pursuant to General Statutes § 52-278c, to secure the sum of $310,386.[5] Accompanying the application for prejudgment remedy was an affidavit from Bessie Forrest, the business office manager of the plaintiff.[6] In that affidavit, Forest averred, among other things, that the plaintiff had furnished care and services to the decedent and that $310,386 was due and owing. Also accompanying the application for prejudgment remedy was the plaintiff's proposed writ of summons and complaint. The plaintiff alleged in count one that the decedent had been unjustly enriched based on the

---

[4] "A prejudgment remedy application is brought as a prelude to the filing of a civil action, and is meant to determine whether security should be provided for any judgment ultimately recovered by the plaintiff if he or she is successful on the merits of the civil action." (Internal quotation marks omitted.) *Connecticut Novelty Co.* v. *Graichen*, 233 Conn. App. 843, 844 n.1, 341 A.3d 362 (2025).

[5] The application also sought to attach "sufficient property of [the decedent] to secure said sum." At the hearing on the plaintiff's application for a prejudgment remedy, the court stated: "I don't believe I can issue a prejudgment attachment on the real estate. Any other attachment or finding here would be futile in light of the fact that the inventory shows $3000 in property." The plaintiff has not argued that the court should have attached any assets of the decedent aside from the subject property.

[6] In connection with the prejudgment remedy application and pursuant to General Statutes § 52-278n, the plaintiff filed a motion seeking the disclosure of the decedent's assets.

services that were provided, and, in count two, sought recovery on a theory of quantum meruit. The plaintiff alleged that Noka "control[led] and manag[ed] the assets, income, property and resources of [the decedent]," and that Noka "had not paid the outstanding charges from the estate of the [decedent]." Finally, the plaintiff claimed that it was "damaged by the failure to pay and the [decedent] is liable on the basis of quantum meruit."

The court held an evidentiary hearing on the application on December 8, 2022, during which the court took admitted exhibits into evidence and heard testimony from two witnesses, Forrest and Marjorie Jean Paul Rene, the director of nursing for the plaintiff. Forrest testified as to the charges for services that the plaintiff claimed were still outstanding. Noka did not present any witnesses or offer any written exhibits. The parties thereafter submitted posthearing briefs.

Following the hearing, the court issued a memorandum of decision dated March 2, 2023, denying the application for a prejudgment remedy. The court found that "care and treatment has been provided to [the decedent] and no compensation has been received . . . ." The court concluded, however, that the property was not subject to attachment. Specifically, the court found that the property had been owned by Marguerite Erts prior to her death, and that the estate of Marguerite Erts was "pending in the Probate Court for the district of Trumbull." The court noted that, although title to real property vests in heirs of a decedent once a will is admitted to probate, that title is defeated if the "administration of the estate requires that the property be sold, by order of the Probate Court." The court stated that "[the decedent could] not transfer, encumber, or pledge the real property . . . so long as that real estate is part of the estate of Marguerite Erts. The property is not under her control, and will not be under her control,

unless it is transferred into the name of [the decedent] via a certificate of devise issued by the Probate Court . . . ." Accordingly, the court denied the plaintiff's application for a prejudgment remedy.

On July 7, 2023, the plaintiff moved for an articulation of the court's order denying the prejudgment remedy. The court denied the motion, stating that its decision "correctly frame[d] the issue of whether real property is subject to attachment. It was also found that services were provided, and no payment was made by the nonparty or the conservator." This court subsequently granted the plaintiff's motion for review but denied the requested relief for articulation. This appeal followed.

On appeal, the plaintiff claims that the court incorrectly concluded that § 52-278a did not permit it to attach the decedent's interest in certain real property. We agree.

We first set forth the applicable law governing prejudgment remedies. "A prejudgment remedy means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment . . . . General Statutes § 52-278a (d). A prejudgment remedy is available upon a finding by the court that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . . General Statutes § 52-278d (a) (1). . . .

"Section 52-278d (a) explicitly requires that a trial court's determination of probable cause in granting a prejudgment remedy include the court's taking into

account any defenses, counterclaims or set-offs . . . . Therefore, it is well settled that, in determining whether to grant a prejudgment remedy, the trial court must evaluate both parties' evidence as well as any defenses, counterclaims and setoffs. . . . Such consideration is significant because a valid defense has the ability to defeat a finding of probable cause." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Konover Development Corp.* v. *Waterbury Omega, LLC*, 214 Conn. App. 648, 657–58, 281 A.3d 1221, cert. denied, 345 Conn. 919, 284 A.3d 627 (2022).

Analysis of the plaintiff's claim requires us to construe § 52-278a. Although ordinarily we review a trial court's actions with respect to an application for a prejudgment remedy for clear error; see id., 664; the issue raised by the plaintiff, specifically, whether the decedent's interest in the property is "property" under § 52-578a, presents a question of statutory interpretation requiring plenary review. See, e.g., *Feldmann* v. *Sebastian*, 261 Conn. 721, 724–25, 805 A.2d 713 (2002) (applying plenary review when parties stipulated that probable cause existed to sustain prejudgment remedy and only issue before trial court was whether remedy was authorized as matter of law).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . It is a basic tenet of statutory construction that [w]e construe

a statute as a whole and read its subsections concurrently in order to reach a reasonable overall interpretation." (Internal quotation marks omitted.) *Greenwich Retail, LLC* v. *Greenwich*, 233 Conn. App. 78, 85–86, 340 A.3d 463 (2025).

Section 52-278a (e) broadly defines "property" as "any present or future interest in real or personal property, goods, chattels or choses in action, whether such is vested or contingent." See *Krafick* v. *Krafick*, 234 Conn. 783, 795, 663 A.2d 365 (1995) (citing § 52-278a in support of proposition that term " 'property' " has been broadly defined in General Statutes). It is well settled that "a person's right of inheritance vests at the moment of the decedent's death . . . and that although distribution occurs a considerable time thereafter, it relates back to the date of the death as the time when the right of the beneficiary became fixed." (Citation omitted; internal quotation marks omitted.) *Bartlett* v. *Bartlett*, 220 Conn. 372, 379, 599 A.2d 14 (1991).[7]

It is true that an heir's title during the administration of a testator's estate is "subject to being defeated should

[7] "The recording of a probate certificate of devise or descent is necessary only to perfect marketable title. That certificate furnishes evidence that the heir's or devisee's title is no longer in danger of being cut off by a probate sale to pay debts of the estate and also because it furnishes a record of who received the title. Such a probate certificate is not a muniment of title, however, but merely a guide or pointer for clarification of the record. . . . The fiduciary of the decedent's estate does not take title to the real estate . . . and a fiduciary has no right to interfere with the devolution of title unless the property is needed to satisfy claims against the estate." (Internal quotation marks omitted.) *Zanoni* v. *Lynch*, 79 Conn. App. 309, 320–21, 830 A.2d 304, cert. denied, 266 Conn. 929, 837 A.2d 804 (2003). This is consistent with the fact that, generally speaking, the law does not presume that title to real estate shall be held in abeyance and that title must be vested in someone, since "public policy favors certainty in title to real property . . . ." 63C Am. Jur. 2d 104, Property § 28 (2018); see, e.g., *Shepard* v. *Union & New Haven Trust Co.*, 106 Conn. 627, 634, 138 A. 809 (1927) ("[t]he law will not favor a construction which suspends . . . title or holds it in abeyance" (internal quotation marks omitted)).

it be necessary for the administration of the estate that it be sold by order of the court, and subject to the right of the administrator to have possession, care and control of it during the settlement of the estate, unless the [P]robate [C]ourt shall otherwise order." (Internal quotation marks omitted.) *O'Connor* v. *Chiascione*, 130 Conn. 304, 306, 33 A.2d 336 (1943). "[U]nder the conditions and for the purposes prescribed by statute, as whe[n] the personal property is insufficient to pay the debts of the decedent's estate, his real property and interests therein may be regarded as assets to which his personal representatives may resort. . . . The Probate Court's authority to order the sale of real property is special and statutory and the authority must be strictly followed, otherwise the order of sale will be void. . . . [T]he burden is on the . . . administrator, to establish in the Probate Court, and in the Superior Court, on appeal, the statutory predicate for the court's order. . . . The foregoing [statements] leave no doubt as to the fact that although title to specifically devised real property passes to a decedent's devisees at his death, such title is not absolute." (Citations omitted; internal quotation marks omitted.) *Zanoni* v. *Lynch*, 79 Conn. App. 309, 321–22, 830 A.2d 304, cert. denied, 266 Conn. 929, 837 A.2d 804 (2003).

The fact that an heir's title may be contingent on the administration of a testator's estate, however, does not mean the heir does not have a vested interest in the property upon the death of the testator. For example, in *Gaynor* v. *Payne*, 261 Conn. 585, 592, 804 A.2d 170 (2002), our Supreme Court held that the contingent remainder interests of grandchildren with respect to a trust were not a mere expectancy. The court stated that the grandchildren's remainder interests could be reached by creditors and concluded that, even though their interest was subject to a condition precedent that may never be fulfilled, namely, that they survive their

parents, "that possibility does not alter the nature of the contingent remainder as an enforceable, presently existing property interest." Id., 593–94.

In the present case, the court concluded that, although the decedent did have title to the property upon the death of Marguerite Erts, her title was not absolute while the administration of the estate of Marguerite Erts was still pending. The court also stated that the decedent "[could not] transfer, encumber, or pledge the real property . . . so long as that real estate is part of the estate of [Marguerite] Erts. The property is not under the control of . . . [Noka], and will not be under her control, unless it is transferred into the name of [the decedent], via a certificate of devise issued by the Probate Court for the district of Trumbull." The court found that the estate of Marguerite Erts is still pending in the Probate Court for the district of Trumbull.[8]

Although the court correctly stated that the decedent cannot sell or encumber the property during the administration of Marguerite Erts' estate, the decedent still had a vested interest in the property and held title to it when Marguerite Erts died. Section 52-278a does not require that a property interest be "absolute." We agree with the assertion of the plaintiff's counsel at oral argument before this court that, for purposes of attachment at the prejudgment remedy stage, property includes vested and/or contingent interests, and that the court improperly "conflat[ed] possession or control with interest in property." Moreover, although the court correctly states that the decedent could not have taken

[8] Although the plaintiff argues that Noka's counsel did not present any evidence that any claim had been filed against the estate of Marguerite Erts, we note that the only information before the court at the hearing on the plaintiff's application was that the estate of Marguerite Erts was pending. Specifically, the plaintiff's counsel represented to the court that the property "is currently in [the] Probate [Court]," and Noka's counsel stated that there was "no certificate of devise issued at this time . . . ."

control of the property until it was transferred into her name via a certificate of devise issued by the Probate Court, control also is not required for an asset to constitute "property" as that term is defined in § 52-278a. See also *Zanoni* v. *Lynch*, supra, 79 Conn. App. 320–21 ("probate certificate is not a muniment of title . . . but merely a guide or pointer for clarification of the record" (internal quotation marks omitted)). Although control over property during the administration of an estate is in the administrator of an estate, "the right of possession and control is in [the administrator] *only as a fiduciary* for those interested in the estate . . . ." (Emphasis added.) *O'Connor* v. *Chiascone*, supra, 130 Conn. 306.

Thus, the fact that the decedent's interest in the property was contingent on the settlement of the estate of Marguerite Erts, and even potentially subject to complete defeat, does not mean that her interest could not have been attached as a matter of law. As stated previously, contingent interests in real property explicitly fall within the broad definition of "property" in § 52-278a. In such a situation, the creditor would merely be able to attach the same rights over the property that the debtor had—in this case, a contingent interest in real property subject to the administration of the estate of the testator. See L. Simes, Law of Future Interests (2d Ed. 1966) § 39, pp. 79–80 ("if [a] future interest is contingent or defeasible in the hands of the debtor, the same contingencies and defeasibilities are applicable to it in the hands of the creditor"). Therefore, we conclude that the court improperly denied the plaintiff's application for a prejudgment remedy on the basis of its conclusion that it could not attach the decedent's interest in the property.

The judgment denying the plaintiff's application for a prejudgment remedy is reversed and the case is remanded with direction to conduct a new hearing on that application.

In this opinion the other judges concurred.